TotteN, J.,
delivered the opinion of the court.
This case is a some facias, issued the 24th of August, 1850, to revive and have execution of a judgment rendered in the circuit court of McMinn, at December Term, 1839, for one hundred and forty dollars and fifty cents, in favor of Smith against Netherland. It issues in the name of Charles Metcalf, as executor of said Smith, against Keith and Forrest as administrators of said Neth-erland.
The case is involved in a maze of pleading not material to be noticed, as we consider the seme facias defective, and the demurrer to the third plea goes back to the first error.
Where no execution has been issued on a judgment within a year after its rendition, the presumption is, that it is satisfied, and a sci/re facias is necessary to revive it before an execution can regularly issue. Hess vs. Sims, 1 Yer. R. 143; Cabiness vs. Garrett, 1 Yer. R. 491.
And after a period of ten years from the rendition of *76 the judgment, the presumption that it has been released or satisfied becomes so fortified by lapse of time, that the scire facias can only issue by order of the Court, made on motion and supported by affidavit that the judgment remains in force and unsatisfied. The presumption being thus repelled, the scire facias is ordered as a matter of right.
But, after the lapse of twenty years, the defendant must have notice of the motion and affidavit; and thereon the court may exercise its discretion, and allow or refuse the motion as may seem proper in the case. Such is the practice at. the common law, and we are not aware that it has been changed by any statute; nor should it be, for it seems very reasonable and proper in itself. 6 Com. Dig. Pleader, 522; Hardisty vs. Burney, 2 Salk. 598; 2 Tidd Pr. 1007; Lansing vs. Lyons, 9 Johns. R. 84; Bank of N. Y. vs. Eden, 17 Johns R. 106.
Now, in the present case, the scire facias was issued more than ten years after the rendition of the judgment; and it does not appear in its recitals that any order of court was made allowing it to be’ issued. Por this, it is bad upon demurrer. The proper practice in the present case was, for the plaintiff below to appear in court and make suggestion, supported by proof, of the death of the original parties, that the present parties are their personal representatives, and thereon to move the court that scire facias issue to revive the judgment and have-execution thereof.
The judgment of the circuit court will be reversed, and judgment here entered for the plaintiffs in error.
Judgment reversed.