Milligan, J.,
delivered the opinion of the Court.
In 1860, E. H. Childress obtained a judgment, before a Justice of the Peace of Davidson County, against J. H. Charlton, B. M. Wheeler, Andrew Greg *391 ory and others, for five hundred dollars, and costs of suit. Sometime thereafter, Childress died, and the defendant in error, Chadwell, qualified as his Executor. In 1865, he appeared before the Justice, and suggested the death of Childress, and moved for scire facias against all the defendants, to appear and show cause why the judgment should not be revived in his name. The scire facias was issued, which was returned, executed upon Andrew Gregory and B. M. Wheeler. On the day fixed in the officer’s return for the revivor, the Justice, in the absence of all the defendants, heard the cause on the scire facias, and- revived the judgment, in the name of the executor as plaintiff, against Gregory and Wheeler, the parties served with notice; and directed an alias sci. fa. to issue as to the other defendants, and an execution as to Gregory and Wheeler, against whom the judgment stood revived.
Gregory and Wheeler brought this proceeding up by certiorari, to the Circuit Court, when, after a motion to dismiss the petition, the action of the Justice was affirmed, and judgment rendered against the plaintiffs in error, and their security on the prosecution bond, for the debt and costs; from which an appeal in error was prosecuted to this Court.
On this state of facts, the only question presented here, is: whether or not it was error to revive the judgment as to part of the defendants, without reviving as to the whole?
At common law, a plaintiff must issue his execution within a year and a day after the date of the judgment; otherwise, the Court will presume the judg *392 ment satisfied. If lie failed to issue his execution within the time limited, he was compelled, in order to obtain it, to bring the defendant into Court by scire facias, where he was at liberty to show cause why the judgment should not he revived, and execution issued against him: 3 Blackstone’s Com., 421; Meigs’ Digest, 501. But, by our Statute, (Code, sec. 2987,) this practice is abolished; and it is not necessary now, after the lapse of a year and aÍ day, to resort to a scire facias, to revive a judgment, and obtain an execution thereon. Judgments, under our Statute, as at common law, are not presumed satisfied within a year and a day; hut the plaintiff may have his execution, at any time, perhaps; within ten years after the rendition of the judgment: Code, 2776.
But if the plaintiff die pending the suit, and before judgment, the action may be revived by motion, at any time before the cause is tried, or abated: Code, sec. 2851. If, however, the plaintiff die after judgment, and before execution, it seems to be necessary to revive by scire facias. But if execution had issued before the death, it may be levied and the property sold, as if the death had not occurred; or if it he tested before the death, and though issued after-wards, the same result follows: Tidd’s Pr., 1118; Meigs’ Digest, 503.
But the question still recurs: May the revivor he as to one or more defendants, and not as to all? A scire facias is a judicial writ, founded upon matter of record, as a judgment, recognizance, etc., on which it lies to obtain execution, or for some other purpose: *393 The State Bank vs. Vance, 9 Yer., 472; Tidd’s Pr., 982. But, although it he a judicial writ, because it may he plead to by the defendant, it is considered, in law, an action: Ib.; also, Coke Lit., 290 b., 291 a., 2 Tenn. R., 46.
Although a scire facias, for certain purposes, is treated as an action, it is, nevertheless, always founded upon some judgment, recognizance, bond, or other judicial proceeding, which it must recite, or at least so much thereof as will show the liability of the defendant; 3 Haywood, 173; 4 Yer., 455, 456; 5 Yer., 183, 184. By our practice, prior to the Code, it seems to have been settled, that a scire facias founded upon a judgment rendered against two, could not he taken against one of the two: Chaffin vs. Wilson, 4 Hum., 231, 232. But the Code, (whether for good or for evil, is not for us to determine,) seems to have worked a change in our practice, on the subject of revivor and joint and several actions. By section 2787, it is declared, that “persons jointly or severally, or jointly and severally hound, on the same instrument, or by judgment, decree, or Statute, including makers and indorsers on negotiable paper, and their sureties, may all, or any part of them, be sued in the same action.” And again, by section 2988, it is declared: “If there are more defendants than one, and any one of them die, leaving the co-defendant or co-defendants surviving, the plaintiff may proceed, by execution, against the survivor, or revive by scire facias, against any portion, or all, of the personal representatives of the deceased, to be issued to any county in the State.
*394 This latter section of the Statute, although, in terms, applicable to cases of revivor against defendants, is certainly, when coupled with the former, in spirit and meaning, alike applicable to a revivor in case of the death of the plaintiff. In both cases, the revivor against one, when the judgment upon which the scire facias issues, is against two or more, exhibits a variance between the recitals in the process and the judgment revived. And the same reason that ought to be urged against such a proceeding in the one case, is equally applicable in the other. The defendant, as to whom a joint judgment, or a judgment against two or more, is not revived, would be as likely to have as lawful a defense against the judgment, if brought in by scire facias, as he would in a similar case, on application to revive on the death of the plaintiff, in the name of his personal representative. The reason is precisely the same in both cases, and we would be doing violence to the intention of the Legislature, and the meaning of the Statute, to construe it otherwise.
Applying this construction of the Statute to the case under consideration, it necessarily follows that the judgment of the Circuit Court must be affirmed.