## JOHNSON LAIN *v.* JOS. S. LAIN.

1. PLEADING AND PRACTICE. *Scire facias necessary to revive judgment. When.* Where a Justice's judgment had lain for more than twenty years without the issuance of executions, it was just to the defendant to revive such judgments by *sci. fa.* before the issuance of execution upon the same.

Case cited: Gregory *v.* Chadwell, 3 Cold., 392.

Code cited: §§2987 and 2776.

2. SAME. *Same. Same. Interest.* In such case the judgments ought to have been revived, and executions ordered to issue thereon for the amounts thereof, with interest from the date of their rendition, and not with interest on the amounts of the judgments rendered by the Justice of the Peace.

FROM WILSON.

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

No brief appears for Johnson Lain.

R. CANTRELL for J. S. Lain.

NICHOLSON, C. J., delivered the opinion of the Court.

In 1845 Johnson Lain recovered two small judgments against Jos. S. Lain before a Justice of the Peace of Wilson County. In 1868, upon application of Johnson Lain, *scire facias* issued to revive the judgments against defendant, Jos. S. Lain, and were made known to him. The Justice revived the judgments, and ordered executions to issue for the amounts of the judgments, with interest added.

Defendant appealed to the Circuit Court of Wilson

County, when defendant put in three pleas—*nul tiel* record, payment, and set-off.

The Court tried the first plea, and held that these judgments were valid, and ordered them to be revived. The other two pleas were tried by a jury, who found the matters in controversy in favor of the plaintiff, and judgments were rendered, affirming the judgments rendered by the Justice of the Peace, with interest.

Upon defendants motion in arrest of judgment being overruled, he appealed to this Court.

It is insisted for defendant that the Court erred in refusing to arrest the judgments; because, 1st, a *sci. fa.* is not authorized by law to revive a judgment by and against the same parties. It is certainly true, that since the enactment of §2987 of the Code, it is not necessary to have such cases as the present revived by *scire facias*, but executions may issue as a matter of course. This is clearly so until ten years have elapsed after the rendition of the judgment.

But if judgments have lain more than ten years, without the issuance of executions, it was intimated in the case of *Gregory* v. *Chadwell*, 3 Cold., 392, that it might be necessary to resort to a *sci. fa.* to revive the judgment. The intimation was made in view of §2776 of the Code, which fixes ten years as the limitation to actions on judgments and decrees of Courts of record, and "all other cases not expressly provided for." But in the present case there was a lapse of more than twenty years from the rendition of the judgment until the application for *scire facias*. It was

not only legal to resort to *sci. fa.* after such a lapse of time, but it was just to the defendant in the judg ments to give him notice of the application, that he might resist it by pleading the Statute of ten years, or for any other legal causes. There was, therefore, no error in the refusal of the Court to arrest the judgment.

2d. It is next said that the proper judgments were not rendered upon finding the pleas of *nul tiel* record in favor of the plaintiff. The judgments ought to have been revived, and executions ordered to issue thereon for the amounts thereof, with interest from the date of their rendition, instead of with interest on the amounts of the judgments rendered by the Justice of the Peace. In this respect the judgments of the Court below will be modified and corrected here, and, with correction, affirmed.