FRANK McINTOSH *et al. v.* W. R. PAUL *et al.*

1. SUPREME COURT PRACTICE. *Revivor. Scire facias. Defense.* A *scire facias* to revive a judgment is so far in the nature of a new suit, that any defense may be made which will prevent the revivor, but it is in substance a continuation of the old suit, the proper judgment being that the plaintiff have execution of the original judgment, and therefore the *scire facias* may be sued out in the supreme court to revive one of its judgments.

2. SAME. *Same. Revivor. What is not a defense.* It is no defense to a *scire facias* to revive a judgment, that the amount of the judgment has already been allowed, without a revivor, in a suit instituted by the personal representative for the purpose of administering the estate, as an insolvent estate, and ordered to be paid its *pro rata.*

*Scire facias* to revive, issued from Supreme Court. Plea and demurrer to plea.

DEMOSS & MALONE for complainants.

JOHN REED for defendants.

COOPER, J., delivered the opinion of the court.

In this case, on March 17, 1877, Robert Ewing, clerk and master and receiver, recovered a judgment in this court against Frank Wilson as executor of James H. Wilson, and individually, for $9,095 and costs, which judgment was afterwards, on April 1, 1878, credited with $4,544. In the month of December, 1878, Frank Wilson died, and Henry H. Cook qualified as his executor. On September 18, 1880, *scire facias* issued against Cook to revive the judgment, and was duly executed.

He has filed a plea to the *scire facias,* in which he says that he qualified as executor of the last will and testament of Frank Wilson, deceased, on December 11, 1878, and suggested to the county court the insolvency of his testator's estate on January 23, 1879; that as executor, on February 14, 1879, he filed his bill in the chancery court against the heirs and creditors of his testator to have the estate administered in that court; that Robert Ewing, clerk and master and receiver, was made a defendant to said bill as a creditor of the estate, by reason of the judgment in the *scire facias* mentioned, and filed a copy of the judgment as a claim against the estate for the balance due thereon; that on December 15, 1879, a decree was rendered in said cause for an account of the assets and debts; that the account was taken, and the balance due on said judgment allowed as a claim against the estate, and the report confirmed on June 16, 1880; that the court, in and by the decree of

confirmation, ordered that the debts against the estate so allowed, and among others the debt in question, should be paid *pro rata.*

These facts are pleaded in bar of the *scire facias,* and the right to revive the judgment therein mentioned. The plaintiff in the *scire facias* has demurred to the plea, assigning for cause of demurrer, that the facts stated in the plea are not sufficient to prevent a revivor.

Upon the death of the judgment debtor, the judgment creditor may revive the judgment against the personal representative by *scire facias:* Code, sec. 2988. And as this court is vested with power to issue all writs and process necessary for the exercise and enforcement of its jurisdiction, the *scire facias* to revive its judgment may be issued as in similar cases in the inferior courts: Code, secs. 4500, 4503; *Newman* v. *Justices,* 1 Heis., 787; *State* v. *The Bank,* 5 Sneed, 577. A *scire facias* to revive a judgment is so far in the nature of a new action, that any defense may be made which will prevent the revivor: *Bank* v. *Vance,* 9 Yerg., 471. But it is in substance a continuation of the old suit, and the proper judgment is that the plaintiff have execution of the original judgment: *Bryant* v. *Smith,* 7 Cold., 116; *Taylor* v. *Miller,* 2 Lea, 155. In this view, when resorted to in this court, it is only a mode of enforcing the judgment: *Motions against Curry,* 12 Heisk., 51.

The judgment creditor in this case is entitled to a revivor of the judgment, unless the facts set out in the plea would, if proven, prevent the revivor. Those

McIntosh *v.* Paul.

facts are, in brief, that the personal representative of the debtor has suggested the insolvency of the estate, and filed a bill in chancery for its administration, making the judgment creditor a defendant, under which an account of the claims against the estate, including the judgment in question, has been reported and confirmed, and the claims ordered to be paid *pro rata.*

There can be no doubt that such a claim may be filed and allowed without a revivor, and that the creditor will thereby acquire a right to receive his *pro rata* of all the assets of the estate real and personal. No doubt, also, if the decree of confirmation had been so worded as to have rendered a judgment in favor of the creditor against the personal representative in the ordinary form, that the judgment of this court would have been merged therein. Perhaps the same result might be produced by a less formal decree if, in effect, it amounts to a new judgment. The plea does not, however, show such a judgment, or even claim that the judgment of this court was merged in the new decree. In that view, there being no injunction against the revivor of the judgment, and what was done not operating as a merger, the creditor is entitled to revive, whether it will be of any benefit to him or not. He has a legal right which the courts must enforce. But no execution will issue, and the costs of the revivor will not be paid out of the estate unless the chancellor so direct: Code, sec. 2384.

Demurrer sustained and judgment revived, and the plaintiff will pay the costs of reviving subject to the future order of the chancellor.