6L 139
11L 744
13L 111

## H. M. HAYES v. P. A. CARTWRIGHT.

1. PLEADINGS AND PRACTICE. *Scire facias.* *Setting aside satisfaction of judgment.* Under the act of 1875, ch. 33, which authorizes the setting aside of the satisfaction of a judgment by *scire facias* upon the ground of the want of title of the judgment debtor to the property at the date of the execution sale, if the *scire facias* be good in form and substance, and the defendant makes no defense thereto, the plaintiff will be entitled to final judgment, setting aside the satisfaction of, and reviving the judgment.

2. SAME. *Same.* *Affidavit.* *Bill of exceptions.* The affidavit required by the statute before the issuance of the writ of *scire facias* can only be looked to upon the objections made to the *scire facias* by proper pleading, or by way of evidence on the hearing, if so used by the defendant, in which latter case it must be embodied in the bill of exceptions.

3. SAME. *Same.* *Title to property sold.* The title of the defendant to the property sold, to be good and valid within the meaning of the statute so as to operate as a defense to the *scire facias*, must clothe the purchaser with some beneficial interest, not be a naked legal title subject to a prior lien which exhausts it.

### FROM DAVIDSON.

Appeal from the Circuit Court of Davidson county. FRANK T. REID, J.

M. B. HOWELL for Hayes.

A. F. WHITMAN for Cartwright.

COOPER, J., delivered the opinion of the court.

This is a proceeding by *scire facias* in the circuit court to set aside the satisfaction of, and revive certain judgments in favor of Cartwright against Hayes. The court granted the relief and Hayes appealed.

On May 8, 1875, Cartwright recovered before a

justice of the peace two judgments against Hayes, and on July 19, 1875, before the same justice, another judgment against Hayes, on each of which executions were issued and levied upon certain lots of land as the property of the debtor. The papers in the causes were then returned to the circuit court, and the lands condemned. Under the writs of *venditioni exponas* issued, the lots were sold in January, 1876, and Cartwright became the purchaser, bidding the amount of his several judgments. On June 8, 1876, upon an affidavit of Cartwright, setting forth the foregoing facts, and the further fact that by a decree of the chancery court, rendered at the April term, 1874, in a case named, a lien was declared on the lots sold and bought by him, in favor of certain of the litigants for a large debt due by Henry M. Hayes to them, under which executions had been issued and levied upon the lots since his purchase, and most of the lots sold in satisfaction of the lien debt, and that the remainder of the lots will not be sufficient to satisfy the judgment lien. The affidavit concludes thus: "Your affiant further makes oath that he gets no title to said lots sold and bid in by him as aforesaid; that at the time of his said levy, sale and purchase, the title to said lots was in other parties, and not in Henry M. Hayes, in the meaning of the law."

Upon the presentation of the affidavit, the circuit court made an order upon its minutes, reciting the recovery of the judgments, levy of executions, returns, condemnation, sales and purchases as aforesaid, and that the plaintiff Cartwright obtained no title to said lots

by virtue of the levies, sales and purchases, and directed *scire facias* to issue to Henry M. Hayes, requiring him to appear before the court, on a day specified, to show cause, if any he has, why the satisfaction of the judgments should not be set aside and the judgments revived against him.

The *scire facias* followed the order, and was served upon Hayes, who appeared by counsel, but made no defense by pleading to the *scire facias.* The final judgments, after reciting the facts as set out in the order and *scire facias*, and "that the defendant appeared by attorney, and failed to show cause why the satisfaction of the said three judgments should not be set aside, and the judgments revived," orders and adjudges that the satisfaction be set aside, and the judgments revived.

The bill of exceptions tendered by the defendant Hayes shows that the only evidence introduced consisted of the records of the original judgments and the proceedings had thereon, to the sale and purchase of the lots by Cartwright, and the testimony of the plaintiff that the judgments were rendered on the note of the defendant.

It was at first doubted in this State whether a judgment creditor, who bids his debt on land sold under his execution, was entitled even in equity to set aside the satisfaction, if he acquired no title by his purchase: *Kimbrough* v. *Benton*, 3 Hum., 110. But it was afterwards held, and is now well settled, that equity will relieve in such cases by setting aside the satisfaction: *Henry* v. *Keys*, 5 Sneed, 488; *Smith* v.

*Hinson,* 4 Heis., 250; *Evans* v. *Holt,* 4 Baxt., 389.
The relief in the first of these cases was granted upon
the ground that the sale was void; in the second,
because the debtor had no leviable interest in the land
sold; and in the third, because the land was taken,
after it was bought by the judgment creditor, by a
prior attachment lien. The Legislature, in the mean-
time, intervened, and by the acts of 1848, ch. 191,
and 1849, ch. 119, carried into the Code, secs. 2990,
2996, vested the courts with power, upon *scire facias,*
to set aside the satisfaction of judgments and revive
them, when the property was recovered by third per-
sons. If the judgment creditor, who had bought at
his own sale, could not recover the property upon
the title acquired, the case was held to fall within
the reason of the statute: *Edde* v. *Cowan,* 1 Sneed,
290. In *Swaggerty* v. *Smith,* 1 Heis., 403, the *scire
fac'as* sought to set aside the satisfaction upon the
ground that the land bought was held by prior and
superior levies and liens, but the court held that the
statute did not apply, there being no finding by a
judicial tribunal that the title acquired was bad. The
court said, however, that the creditor was not without
remedy, implying that relief could be had in equity.
We learn from the opinion in *Evans* v. *Holt,* 4 Baxt.,
391, that the creditor did resort to chancery, and the
satisfaction of his judgment was set aside because the
land was taken under a prior attachment lien. *Evans*
v. *Holt* was itself a similar case, and relief was granted.

The Legislature again intervened by the act of
1875, ch. 33, and extended the remedy by *scire facias.*

Hayes *v.* Cartwright.

By the first section of that act, the Code, sec. 2990, is so amended as to read: "In all cases where execution from a court of record or a justice of the peace is returned satisfied in whole or in part by the sale of property of the defendant, and the plaintiff in the judgment shall be of opinion that he obtained no title to the property so sold, he may have the satisfaction of said judgment set aside, and the judgment or decree revived by *scire facias.*" By the second section, the Code, sec. 2991, is so amended as to read: "The *scire facias* may be obtained on affidavit of the plaintiff, his agent or attorney, setting forth the facts of the sale and want of title to the property so sold, and shall be served, returned and heard, together with proof upon the question of title, as in other cases; provided, if it shall appear at the trial that the defendant's title to the property at the time of the purchase was good and valid, the proceedings shall be dismissed with costs as in other cases."

The object of the act of 1875 was to extend the relief which might be obtained by *scire facias.* The writ issues, as of right, upon an affidavit setting forth the facts of the sale and the "want of title to the property sold." The *scire facias* is a judicial writ, based upon the record of the judgments, stating the statutory ground of its issuance, and calling upon the defendant to show cause why the judgments should not be revived. A *scire facias* is, in all such cases, in the nature of a declaration: *State* v. *Robinson*, 8 Yer., 370. Its sufficiency may be tested by demurrer: *State* v. *Arledge*, 3 Sneed, 230. If fatally defective

in substance, the defect may be reached by appeal in error or writ of error, in which case the cause may be remanded for another *scire facias:* *State* v. *Patterson,* 7 Baxt., 246; *State* v. *Johnson,* 6 Baxt., 198. If the *scire facias* be good, and the defendant makes no defense, the plaintiff is entitled to final judgment: *Taylor* v. *Miller,* 2 Lea, 153.

The *scire facias* in this case, as well as the order upon which it was issued, sets out that the title to the lots at the time of the levies, sale and purchase by the plaintiff was not in defendant, and calls upon the defendant to show cause why the satisfaction of the judgments should not be set aside, and the judgments revived. The *scire facias* is good in form and substance, and the statute authorizes the relief sought in the mode adopted, if the defendant, at the time of the execution sale and the plaintiff's purchase, had no title to the property sold. The record shows that no defense was made. The judgment rendered followed "as in other cases," and there is no error.

The argument for the plaintiff in error is, that the creditor is not entitled to relief merely because he is "of the opinion that he obtained no title to the property sold," but the fact of want of title must appear at the trial. This is true, but the want of title does appear, if the defendant permit a judgment by default to be taken upon a *scire facias* averring the fact. The language of the statute must be construed with reference to our system of judicial procedure, and proof is only required where the issues joined require its introduction.

It is also argued that the statutory remedy by *scire facias* is only given when there is a "want of title" at the time of the plaintiff's purchase, and that there is no such "want of title" by reason of the existence of a lien on the property, although the property may subsequently be taken from the purchaser by the prior lien. But the original order, *scire facias* and final judgment recite, and the latter is based on the fact that Hayes had no title to the property at the date of the execution sale. Nothing appears in reference to any prior lien. It is only by looking to the affidavit that the existence of a lien appears, which is sought to be connected with the averment, in the same affidavit, of the want of title. But the affidavit could only be looked to upon objection made to the *scire facias* by proper pleading, or by way of evidence in the hearing, if so used by the defendant, in which latter case it must be embodied in the bill of exceptions. The point on which the argument rests is, however, not well taken. It sticks in the letter of the statute. The "title" of the defendant, to be "good and valid," must be such as to clothe the purchaser with a beneficial interest, not a mere legal title subject to prior lien which exhausts it. Equity, as we have seen, grants relief in such a case, and the statute intended to confer upon the courts the power to give the same relief under similar circumstances by *scire facias*.

Affirm the judgment.