## WHITWORTH *v.* THOMPSON.

1. SCIRE FACIAS. *Justices' Judgment.* A *scire facias* issued by a justice reciting the rendition of a judgment by his predecessor in office, more than thirteen years before, in favor of the plaintiff against one defendant, which was stayed by the other defendant, that a small payment had been made leaving the residue of the judgment in full force; that the books of the predecessor had been mutilated, and that the judgment could not be found; and directing the officers to make known the facts to the defendants, and to summon them to appear before the justice at a given time to show cause why the judgment should not be revived, is a *scire facias* to revive the judgment, which the justice was authorized to issue, and which contains all material averments.

2. SAME. *Same. Trial in circuit court.* If, on the trial of the action in the circuit court on the *scire facias,* the only evidence introduced was offered by the plaintiff, and was directed solely to the establishment of the original judgment, the issue would be record or no record and triable by the court, and the judge might properly instruct the jury to find the facts to be as established to his satisfaction by the record; and a variance between the judgment as proved and the judgment as recited in the *scire facias* would not be fatal, there being no exception to the admission of the evidence on the ground of the variance, and the court being satisfied that the judgment produced was the judgment intended to be revived.

3. SAME. *May be amended to conform to record.* It would have been competent for the trial court, in such a case, and eminently proper, if exception had been taken to the evidence because of the variance, to have permitted the *scire facias* to be amended to conform to the record of the original judgment.

4. SAME. *Proper judgment on sci. fa.* The proper judgment in favor of the plaintiff, upon a *scire facias* to revive, is that the original judgment stand revived, and that the plaintiff have execution against the defendants therefor, with interest and costs, and the costs of the proceeding.

5. SAME. *Judgment in circuit court upon appeal from justice.* Where the action on the *scire facias* is tried in the circuit court, upon appeal from the justice, the court should render such a judgment as the justice

Whitworth *v.* Thompson.

ought to have rendered, without a *procedendo*, and, upon a further appeal to this court, the judgment creditor is entitled to the same judgment.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.    N. BAXTER, J.

E. H. EAST for Whitworth.

GUILD & DODD for Thompson.

COOPER, J., delivered the opinion of the court.

On December 16, 1874, T. D. Cassetty, a justice of the peace, issued a *scire facias*, which recited that it had been represented to him by affidavit of D. F. Thompson, that he, Thompson, about January 1, 1861, before W. D. Robertson, the predecessor in office of Cassetty, had recovered a judgment against John F. Edmondson, for $92 and costs, which was stayed by E. D. Whitworth; that there had been paid on the judgment about January 20, 1862, $20, leaving the residue in full force and effect and unsatisfied; that the books of said Robertson had been torn and otherwise mutilated, and the judgment, after diligent search, could not be found; that Thompson demanded an execution upon the judgment from Cassetty as the successor of Robertson; and the said *scire facias*, upon these recitals, directed the proper officer to make known the facts to the said Edmondson and Whitworth, and to summon them to appear before Cassetty on a given day, and show cause, if any they have, why said judg-

ment should not be revived against them.    The *scire
facias* was made known to the parties named, who ap-
peared, and made defense.    The justice rendered judg-
ment in favor of the defendants, and the plaintiff ap-
pealed.    The cause was called for trial in the circuit
court on May 15, 1876, when the defendants moved
to quash the *scire facias*, but the motion was over-
ruled.    On the trial, the jury found that the original
judgment was rendered by Robertson on February 27,
1860, for $94,21, that the judgment was entitled to a
credit of $40, as of the 25th of November, 1861, and
that the balance then due, including interest, was
$119,86.    The court, thereupon, rendered judgment as
follows:  "It is therefore considered by the court, that
the plaintiff recover of the defendants, John F. Ed-
mondson and E. D. Whitworth, his damages, as by
the jury in form aforesaid assessed, together with all
the costs of this cause expended, for which let *fi. fa.*
issue;  and it is further ordered that *procedendo* issue
to Cassetty, successor to W. D. Robertson, to issue ex-
ecution for $119,86, and costs of suit against the prin-
cipal and stayor as security in favor of plaintiff, and
*fi. fa.* issue from this court against defendant and se-
curity for the costs of this court."    The defendant,
Whitworth, appealed in error.

The error relied upon for reversal is in the ruling
of the court upon the motion to quash the *scire facias*.
The motion was to quash the *scire facias* "because it
states no cause for which a *scire facias* would lie at
law."

The *scire facias*, which was issued December 16,

1874, purports on its face to be based upon a judgment recovered about the first of January, 1861, against one defendant, and stayed by the other, and requires the defendants to show cause why the judgment should not be revived against them. It is in form a *scire facias* between the original parties to revive a judgment.

At common law, the failure to sue out execution within a year raised a presumption of the payment or release of a judgment. If, in fact, the judgment remained unsatisfied, a *scire facias* to revive lay in real actions, and was given by an early English statute in personal actions: *Hess* v. *Sims,* 1 Yerg., 143; *Deberry* v. *Adams,* 9 Yerg., 52; 6 Com. Dig. Pleader, 3 L., 5; Tidd. Pr., 1103. The grant of the writ by statute was general, " *si forte a majore tempore transacto facto fuerit illa recognito,*" etc., if the recognizance or record be of a longer time than one year. It seems, therefore, to have been held that while the writ must be sued out where the judgment lay for a year without execution, yet it would lie in every case where the whole debt had not been levied, even if execution issued within the year: *Stille* v. *Wood,* Coxe, 118; 4 Bouv. Inst., sec. 3702. And the validity of the writ within the year appears to be recognized in an early case cited by the text writer: *Roberts* v. *Pising,* Roll. Ab., 900. The mode of obtaining the writ depended on the time after the judgment when it was sued out: 2 Tidd. Pr., 1105. The practice in this regard was held to prevail in this State in *Keith* v. *Metcalf,* 2 Swan, 74, a decision made in 1852 upon a *scire fa-*

*cias* issued in August, 1850. Previously, by the act of 1849, ch. 37, brought into the Code in sec. 2987, it was provided that an execution might be sued out at any time after judgment, whether an execution had been run within the year or not. The new remedy thus given did not, upon a well settled principle, interfere with the pre-existing remedy: *Hoggat* v. *McCrory*, 1 Tenn., 8; *Henry* v. *Keys*, 2 Head, 488.

The Code, sec. 2776, having prescribed a limitation of ten years to the right of action on a judgment, we have held, in obedience to the legislation intent, that the lapse of that period would prevent the issuance of execution unless the judgment be revived by *scire facias*: *McGrew* v. *Reasons*, 3 Lea, 485. And, inasmuch as the right to revive would be barred by the lapse of the time if relied on, the right to revive by *scire facias* sued out within the ten years would seem to follow, of course, unless the creditor be required to sue upon the judgment, which he may do at any time. Be this as it may, the right to the *scire facias* after the ten years is conceded: *Lain* v. *Lain*, 3 Baxt., 30; *Gregory* v. *Chadwell*, 3 Cold., 902; *Fogg* v. *Gibbs*, 8 Baxt., 464. Obviously, therefore, the *scire facias* in this case, sued out to revive a judgment rendered more than thirteen years before, was proper, and contains all the averments necessary to sustain it for that purpose. For it recites the judgment, and shows that it is in full force and unsatisfied, and the lapse of the ten years. And by statute, a justice of the peace is authorized to issue a *scire facias* in all cases before him, when necessary, in the same manner as the writ

is issued by courts of record: Code, sec. 3576. The only departure from the ordinary form of a *scire facias* is in requiring the defendants to show cause why the judgment should not be revived, instead of showing cause why plaintiff should not have execution of his judgment. The object being to revive the judgment, the change of phraseology is clearly immaterial.

The argument submitted on behalf of the plaintiff in error is not addressed to the proceeding treated as a *scire facias* to revive the judgment. It goes upon the assumption that the object of the proceeding was to supply the original judgment. In this view, it is perhaps correctly argued that the remedy for the purpose was not by *scire facias*. The judgment might have been treated as still existing, although the record of it was lost or destroyed: *Boyers* v. *Webb,* 1 Lea, 700; *Faust* v. *Echols,* 4 Cold., 397; *Randall* v. *Payne,* 1 Tenn. Ch., 145. But the *scire facias* is plainly to revive the judgment, not to supply it, and the recital of the loss of the record would not change its character. A *scire facias* will lie to revive a lost judgment: *Fogg* v. *Gibbs,* 8 Baxt., 464.

It is suggested that the affidavit on which the *scire facias* issued does not aver that the plaintiff in error was a party to the judgment, and consequently furnishes no basis for the proceeding against him. But the *scire facias* itself does recite that Whitworth was a party defendant to the judgment by having become stayor, and the motion to quash is directed to the sufficiency of the *scire facias*. The absence of an affi-

davit altogether, it has been held, cannot be made a ground of objection in this court: *Fogg* v. *Gibbs*, 8 Baxt.. 464. And, *a fortiori*, a defective affidavit would be equally unavailable. The affidavit does state all that was essential to the suing out of the writ, namely, the recovery of judgment, the lapse of over ten years. from its rendition, and that it remains in full force and unsatisfied. It was not necessary to set out any payments made, and the balance due: *Carson* v. *Richardson*, 3 Hayw., 231. Nor was it material to aver that execution had not been sued out within the year: *Weaver* v. *Reese*, 6 Hum., 418; 2 Harr. Ent., 460.

It is also said that the original judgment, which was supposed to have been lost, was produced on the trial, and therefore the object of the writ was obtained. But this position is based upon the assumption that the *scire facias* was sued out to restore, not to revive the judgment. The right to revive would not depend upon the existence or non-existence of the record evidence of the judgment, either at the suing out of the writ, or at the trial.

The bill of exceptions shows that the plaintiff in error introduced no proof on the trial, and that the proof of the defendant in error was only such as tended to establish the judgment sought to be revived. In view of the evidence, the only defense which could have been made was *nul tiel record*, the suspension of the statute of limitations during the war preventing the. bar of ten years. The issue of *nul tiel record* was triable by the court, and the trial judge might well instruct the jury to find the facts established to his

satisfaction by the record. The date and amount of the judgment produced did not correspond exactly with the figures of the *scire facias*. If exception had been taken to the evidence on the ground of the variance, it might have been excluded unless the judgment cred-- itor had been permitted to amend the writ. No exception was taken, and the court was justified in finding that the judgment produced, was the judgment intended to be revived. If exception had been taken to the · evidence, it was within the power of the court, and clearly proper under the circumstances, to have allowed the *scire facias* to be amended so as to conform to the original record: *Bryant* v. *Smith*, 7 Cold., 112; Code, secs. 2872, 2875, 4177; *Thompson* v. *Dougherty*, 3 J. J. Mar., 564.

The court below had some difficulty as to the proper judgment to be rendered, both as to the amount, and as to the execution. A new judgment, including the interest to the date of rendition, has not been usual in such cases, nor was a *procedendo* necessary. The court should have ordered that the original judgment, as found, stand revived, and that the plaintiff have his execution against the defendants therefor, with interest and costs, and the costs of the *scire facias*, subject to the credit found as of the proper date: 2 Tidd. Pr., 1126; *McIntosh* v. *Paul*, 6 Lea, 45; *Taylor* v. *Miller*, 2 Lea, 153; *Woolston* v. *Gale* 4 Halst., 32; *Brown* v. *Chesapeake & Ohio Canal Company*, 10 Rep., 649. The judgment of the circuit court should have been such as the justice ought to have rendered, and ·for execution without a *procedendo :* Code, sec. 3167.

The appellee is entitled to the same judgment in this court against the appellant, and his surety of appeal: *Id.* But the appellee will pay the costs of this court, because of the erroneous entry of the judgment below.