**Dr. Charles WARREN,**
**Plaintiff–Appellant,**

v.

**Marion C. HAGGARD,**
**Defendant–Appellee.**

Court of Appeals of Tennessee,
Western Section, at Knoxville.

Nov. 9, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 14, 1991.

Allison Ulin Lynch, Chattanooga, for plaintiff-appellant.

Harry Berke, Chattanooga, for defendant-appellee.

CRAWFORD, Judge.

This appeal involves a proceeding to revive a judgment by scire facias. From the decree of the chancery court holding that the judgment was barred by the ten year statute of limitations set out in T.C.A. § 28–3–110(2), plaintiff has appealed.

Plaintiff, Dr. Charles Warren, filed suit in 1977 against defendant-appellee, Marion C. Haggard, and twelve other defendants. Basically, plaintiff's claims against the defendants arise out of a transaction involving plaintiff's purchase of a motel.

On August 30, 1977, a judgment awarding damages and granting other relief was entered for plaintiff against defendant-appellee. Prior to and after the entry of this judgment, plaintiff's claims against various defendants were disposed of by dismissal or award of damages. Finally, on June 26, 1980, plaintiff was granted judgment against the only two defendants for which no other disposition had been made.

On December 29, 1989, plaintiff-appellant filed a petition for scire facias to require the defendant-appellee to show cause why the unpaid judgment should not be revived. The petition states that the final judgment was entered in the case on June 26, 1980. Appellee's answer in response to the petition denies that the judgment was entered on June 26, 1980, but avers that the judgment was entered on August 30, 1977, more than twelve years prior to the filing of the petition. The answer avers that appellant's petition is barred by the ten year statute of limitations set out in T.C.A. § 28–3–110(2).

The trial court held that the statute of limitations of ten years began to run on the entry of the order of August 30, 1977, and that the plaintiff's petition filed December 30, 1989 seeking a revival of the judgment was barred by the ten year statute of limitations set out in T.C.A. § 28–3–110(2). Although appellant has presented two issues for review, we believe the dispositive issue is whether the statute of limitations began to run on the date of the entry of judgment against appellee on August 30, 1977, or began to run on June 26, 1980, the date the judgment was entered against the last two defendants.

T.C.A. 28–3–110 (1980) provides in part pertinent to the case before us:

**Actions on public officers' and fiduciary bonds—Actions not otherwise covered.—**The following actions shall be commenced within ten (10) years after the cause of action accrued:

\*　　\*　　\*　　\*　　\*　　\*

(2) Actions on judgments and decrees of courts of record of this or any other state or government; and

\*　　\*　　\*　　\*　　\*　　\*

This statute was embodied in our Code of 1858 and as early as 1892 our Supreme Court held that it applied only to final judgments. In *Epperson v. Robertson,* 91 Tenn. 407, 19 S.W. 230 (1892), the Court said:

The next defense to be considered is that arising upon the plea of the statute of limitations of ten years barring actions upon judgments and decrees. Manifestly this statute applies only to final judgments and decrees. It cannot operate upon interlocutory decrees, or we should have the extraordinary spectacle of the earlier decrees in a prolonged litigation becoming barred before the rendition of a final decree at the termination of the litigation.

91 Tenn. at 415, 19 S.W. 230.

Thus, we are presented with the question of whether the order entered on August 30, 1977, was a final judgment on which the statute of limitations would begin to run. Rule 54.02, Tenn.R.Civ.P., provides as follows:

**54.02. Multiple Claims for Relief.—** When more than one claim for relief is present in an action, whether as a claim, counter claim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

This rule became effective July 1, 1979. However, prior to that time, T.C.A. § 27–305 (Supp.1979), which was repealed

upon passage of the rule, contained identical language to that of Rule 54.02.

This rule and its predecessor statute make it quite clear that whatever the form of the decision, if it adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties, it is subject to revision at any time before the entry of an order which does adjudicate all of the claims. Clearly, any such decision is an interlocutory order.

In August of 1977, when the judgment against appellee was entered, the parties did not avail themselves of the then existing T.C.A. § 27–305 which established the procedure for the entry of a final judgment as now set out in Rule 54.02, Tenn.R.Civ.P.

Since the statute of limitations, T.C.A. § 28–3–110(2), is not applicable to interlocutory orders, *Epperson v. Robertson,* 91 Tenn. 407, 19 S.W. 230 (1892), the statute of limitations did not begin to run until a final judgment was entered which was June 26, 1980, when all the claims against all the defendants were finally adjudicated. The trial court erred in holding that the statute of limitations barred the appellant's action.

Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellee.

HIGHERS and FARMER, JJ., concur.