FILED
03/29/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 3, 2018

## JANIE MARIE MARCUM-BUSH v. KEVIN PATRICK QUINN

**Appeal from the Circuit Court for Wilson County**
**No. 5343-DV  Clara W. Byrd, Judge**

_____

**No. M2017-01732-COA-R3-CV**

_____

As part of a divorce proceeding, the trial court awarded one party a monetary judgment against the other.  The judgment debtor's obligation to pay the judgment did not arise until the sale of certain real property or after two years from the date of the judgment.  Although the real property was sold, the judgment debtor made no payments on the judgment.  The judgment creditor later moved to extend the judgment.  The motion was filed within ten years of the date of the sale of the real property but more than ten years from the entry of the judgment.  The trial court granted the motion to extend, concluding that the judgment creditor's cause of action on the judgment did not accrue until the real property was sold.  Because the motion to extend the judgment was untimely, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and ARNOLD B. GOLDIN, JJ., joined.

Blake Lawrence, Lebanon, Tennessee, for the appellant, Janie Marie Marcum-Bush.

Erin Alexander White, Nashville, Tennessee, for the appellee, Kevin Patrick Quinn.

### OPINION

### I.

In 2006, Kevin Quinn and Janie Marcum-Bush divorced.  At some point prior to the divorce, Mr. Quinn loaned money to Ms. Marcum-Bush.  So in its final order entered on April 18, 2006, the Circuit Court of Wilson County, Tennessee, awarded Mr. Quinn a judgment against Ms. Marcum-Bush in the amount of $14,547.68.  The final order

"allowed" Mr. Quinn to file a lien against certain real property, which was Ms. Marcum-Bush's separate property, to secure payment of the judgment. But Ms. Marcum-Bush was not "required to make any payments on the judgment until the sale of the real property or after two (2) years from the date of this Final Order."

On March 31, 2008, Ms. Marcum-Bush sold the real property. Although Mr. Quinn believed that his divorce attorney had recorded a judgment lien, apparently he had not. Consequently, Mr. Quinn received no proceeds from the sale of the property. And Ms. Marcum-Bush otherwise made no payments on the judgment.

On February 16, 2017, less than ten years after the sale of the property, but more than ten years since entry of the final order, Mr. Quinn petitioned the court to enter an order of civil contempt against Ms. Marcum-Bush. He also asked to reduce the arrearages to a final judgment and for permission to file a lien against Ms. Marcum-Bush's residence.

Ms. Marcum-Bush answered and filed a motion for judgment on the pleadings. In both her answer and motion, she argued that the relief was barred by the ten-year statute of limitations found in Tennessee Code Annotated § 28-3-110(a)(2) (2017). She also stated that Mr. Quinn had not extended the judgment under Rule 69.04 of the Tennessee Rules of Civil Procedure.

The trial court denied Ms. Marcum-Bush's motion for judgment on the pleadings, but it instructed Mr. Quinn to amend his petition to include a motion to renew the judgment. Ultimately, Mr. Quinn withdrew his contempt petition and filed a motion for an order of scire facias reviving the judgment. Ms. Marcum-Bush opposed the motion for revival, again based on timeliness, and asked that the trial court reconsider its denial of her motion for judgment on the pleadings.

The court "revived" its prior judgment, denied the motion to reconsider, and allowed Mr. Quinn to file a lien against any real property then-owned by Ms. Marcum-Bush. The court concluded that the statute of limitations on the judgment did not begin to run until March 31, 2008, the date that Ms. Marcum-Bush sold the property. Mr. Quinn filed his motion for revival on May 4, 2017. Thus, according to the court, the motion for revival was timely under Tennessee Code Annotated § 28-3-110(a)(2).

**II.**

Although she raises two issues on appeal, both of Ms. Marcum-Bush's issues revolve around the timeliness of Mr. Quinn's petition for contempt and motion for revival. Ms. Marcum-Bush contends that neither were timely under Tennessee Code Annotated § 28-3-110(a)(2) and Tennessee Rule of Civil Procedure 69.04. So Ms. Marcum-Bush submits that she was entitled to judgment on the pleadings. Because

2

Mr. Quinn withdrew his petition for contempt, we limit our review to the request for revival of the judgment.

A.

A motion by a defendant for judgment on the pleadings "is in effect a motion to dismiss for failure to state a claim upon which relief can be granted." *Timmins v. Lindsey*, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009). In assessing the motion, the trial court must accept as true "all well-pleaded facts [of the party opposing the motion] and all reasonable inferences drawn therefrom." *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). The court must accept as false "all allegations of the moving party which are denied." *Trigg v. Middle Tenn. Elec. Membership Corp.*, 533 S.W.2d 730, 733 (Tenn. Ct. App. 1975). Conclusions of law in the pleadings are ignored. *Id.*

A judgment on the pleadings is appropriate only where "there are no issues of material fact and . . . only questions of law exist." *Rogers v. Atwork Corp.*, 863 F. Supp. 242, 244 (E.D. Pa. 1994) (discussing Federal Rule of Civil Procedure 12(c)). Judgment should be granted where all the well-pleaded facts and the reasonable inferences therefrom do not entitle the party to relief as a matter of law. *Harman v. Univ. of Tenn.*, 353 S.W.3d 734, 736 (Tenn. 2011). Thus, the grant or denial of a motion for judgment on the pleadings presents a question of law, which we review de novo, with no presumption of correctness. *Mortg. Elec. Registration Sys., Inc. v. Ditto*, 488 S.W.3d 265, 275 (Tenn. 2015).

This appeal requires interpretation of a statute and rules of procedure. Interpretation of statutes and rules of procedure also presents a question of law subject to de novo review. *Id.* (statutes); *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013) (Tennessee Rules of Civil Procedure).

B.

The common law presumed a judgment satisfied or released if execution was not sought on the judgment within a year. *Whitworth v. Thompson*, 76 Tenn. 480, 483 (1881). The presumption grew stronger with the passage of time. *Keith v. Metcalf*, 32 Tenn. 74, 75-76 (1852). To overcome the presumption and seek execution on the judgment, a judgment creditor had to resort to a scire facias to revive the judgment.[1] *Whitworth*, 76 Tenn. at 483. A judicial writ, a scire facias "call[ed] upon the defendant to show cause why the judgment[ ] should not be revived." *Hayes v. Cartwright*, 74 Tenn. 139, 143 (1880); *see also Scire Facias*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "scire facias" as "[a] writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be enforced, annulled, or

---

[1] The judgment creditor could also bring suit on the judgment. *Shepard v. Lanier*, 241 S.W.2d 587, 591 (Tenn. 1951); *McGrew v. Reasons*, 71 Tenn. 485, 489 (1879) (*on petition to rehear*).

vacated, or why a dormant judgment against that person should not be revived").

A scire facias was not considered a new action, rather it was a continuation of the action in which the judgment was rendered. *McIntosh v. Paul*, 74 Tenn. 45, 47 (1880); *Craddock v. Calcutt*, 285 S.W.2d 528, 533 (Tenn. Ct. App. 1955). So the court that rendered the judgment for which revival was sought retained jurisdiction to issue the scire facias. *Craddock*, 285 S.W.2d at 533-34. Still, like a new action, the party opposing the writ could seek its dismissal on legal grounds. *Hayes*, 74 Tenn. at 143-44; *Lain v. Lain*, 62 Tenn. 30, 32 (1873).

Our legislature eventually did away with the common-law presumption of satisfaction or release of a judgment upon which no execution was issued. *Gregory v. Chadwell*, 43 Tenn. 390, 392 (1866); 1858 Code of Tenn., § 2987 ("It shall not be necessary to issue a scire facias to revive judgments or decrees which have lain a year and a day without the issuance of an execution, but execution may be sued out, in such case, after the year and day, as if issued within that time."). Instead it set a ten-year limitation for executing on judgments. *Whitworth*, 76 Tenn. at 484; 1858 Code of Tenn., §§ 2769, 2776 (requiring the filing of "actions on judgments and decrees of courts of record of this or any other State or Government, and all other cases not expressly provided for, within ten years after the cause of action accrued"). To execute on an unsatisfied judgment beyond the limitation period required revival within that ten-year period. *Whitworth*, 76 Tenn. at 484. But the ten-year limitation period could be waived by a failure to raise the statute of limitations as a defense. *Rogers v. Hollingsworth*, 32 S.W. 197, 198 (Tenn. 1895).

The current version of the statute of limitations for actions on final[2] judgments and decrees provides that such actions "shall be commenced within ten (10) years after the cause of action accrued."[3] Tenn. Code Ann. § 28-3-110(a)(2). In considering an earlier enactment of the same statute, our supreme court, in *Shepard v. Lanier*, held that a cause of action on a judgment or decree accrues "upon the entry of the judgment in the [trial] court." 241 S.W.2d 587, 590-91 (Tenn. 1951) (interpreting § 8601 of the 1932 Code of Tennessee); *see also Warren v. Haggard*, 803 S.W.2d 703, 705 (Tenn. Ct. App. 1990) (holding that statute of limitations began to run upon entry of final judgment of the trial court). The court concluded that this was so even though the judgment had been appealed and further action on the judgment was suspended in the trial court until the ruling of the appellate court. *Shepard*, 241 S.W.2d at 591-92.

---

[2] The word "final" is used in the sense of being appealable as of right. *See* Tenn. R. App. P. 3(a). The statute of limitations found at Tennessee Code Annotated § 28-3-110 "is not applicable to interlocutory orders." *Warren v. Haggard*, 803 S.W.2d 703, 705 (Tenn. Ct. App. 1990).

[3] There is no limitation period on judgments for child support. Tenn. Code Ann. § 36-5-103(g) (2017).

As he did in the trial court, on appeal, Mr. Quinn argues that the cause of action on the judgment against Ms. Marcum-Bush accrued at a later date than the date of entry of the final judgment due to the conditions placed on payment of the judgment. For this proposition, he relies on *Allison v. Hagan*, 211 S.W.3d 255 (Tenn. Ct. App. 2006).[4] In *Allison*, the trial court's final order incorporated the terms of the parties' marital dissolution agreement. *Id.* at 257. The marital dissolution agreement provided that the husband would pay the wife for her equity interest in the martial assets, but the majority of that payment would not be due until the marital residence was sold. *Id.* Applying general contract principles to the language of the marital dissolution agreement, we held that wife's cause of action did not accrue until the marital residence was sold, which took place over twelve years after the entry of the final decree of divorce. *Id.* at 258-62. So we concluded that the wife's petition for contempt against the husband, filed "approximately 12½ years after entry of the Final Decree of Divorce," was not barred by the statute of limitations applicable to enforcement of judgments. *Id.* at 258, 262.

In *Allison*, we made no reference to our supreme court's earlier decision in *Shepard*. And we cannot square the holding of *Allison* with that of *Shepard*. As such, we are constrained to follow *Shepard*. *See Bloodworth v. Stuart*, 428 S.W.2d 786, 789 (Tenn. 1968) ("The Court of Appeals has no authority to overrule or modify Supreme Court's opinions."). We also note that, although payment of the judgment in this case was conditioned on future events (sale of property or two years), parts of the judgment could be enforced upon entry. The judgment provided that Mr. Quinn could "file for a lien in the amount of [the judgment] against the Wife's real property." And even if that language did not appear in the judgment, Mr. Quinn had the ability to record a judgment lien by statute. *See* Tenn. Code Ann. § 25-5-101(b)(1) (2017). So we conclude that Mr. Quinn's cause of action accrued on entry of the judgment against Ms. Marcum-Bush and not upon the subsequent sale of the real property.

Having been filed more than ten years after the entry the judgment, Mr. Quinn's motion for revival was untimely. Thus, the motion should have been denied upon Ms. Marcum-Bush's response asserting the statute of limitations.

## C.

The Tennessee Rules of Civil Procedure provide additional support for our conclusion that Mr. Quinn's motion for revival was untimely. Specifically, Tennessee Rule of Civil Procedure 69.04 provides that, "[w]ithin ten years from the entry of a

---

[4] Mr. Quinn also relies on the advisory commission comment to Tennessee Rule of Civil Procedure 58, which implies that a court retains authority to specify a delayed effective date for a judgment. *See* Tenn. R. Civ. P. 58 cmt. ("Under this Rule, unless otherwise ordered by the court, the effective date of a judgment is the date of its filing with the clerk after being signed by the judge . . . ."). Here the trial court did not specify a different effective date for its judgment.

5

judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years." Tenn. R. Civ. P. 69.04.  Rule 69.04 appears to have supplanted revival of a judgment by scire facias, a judicial writ calling for a person to show cause why a dormant judgment against that person should not be revived.  As the advisory commission's comment states, the 2016 "revision [to Rule 69.04] eliminate[d] the prior procedure of issuance of a show cause order by the court."  *Id*. cmt.  If so, the time limit provided in the rule barred Mr. Quinn's motion.  But even if scire facias remains a method for revival separate and apart from a motion for revival, the rule would still work to limit the time in which a scire facias could be sought.

To the extent possible, we must endeavor to interpret Tennessee Code Annotated § 28-3-110(a)(2) in harmony with Rule 69.04.  *See Pratcher v. Methodist Healthcare Memphis Hosps*., 407 S.W.3d 727, 736 (Tenn. 2013).  We comply with this mandate by concluding that the cause of action on a judgment accrues for purpose of the statute of limitation on the date of entry of the judgment.  To hold otherwise would create a conflict between the statute and Rule 69.04.  The statute would permit revival of a judgment more than ten years after the judgment's entry, and the rule would permit revival only by motion filed within ten years of the judgment's entry.  Such a conflict must be resolved in favor of Rule 69.04 and its limitation of the time a request for revival might be sought.  *See* Tenn. Code Ann. § 16-3-406 (2017) ("After the rules have become effective, all laws in conflict with the rules shall be of no further force or effect."); *Pratcher*, 407 S.W.3d at 736.

### III.

Mr. Quinn's claim accrued upon the entry of the judgment against Ms. Marcum-Bush.  His motion for an order of scire facias reviving the judgment was filed more than ten years after entry of the judgment.  Thus his motion was barred by Tennessee Code Annotated § 28-3-110(a)(2).  We reverse the decision of the trial court.  We remand with directions to enter an order granting Ms. Marcum-Bush judgment on the pleadings and for any further proceedings as are necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE