McKinney, J.,
delivered the opinion of the court.
This was an action of slander. Yerdict and judgment were for the plaintiff, and an appeal in error to this court. The words alleged in the declaration, and *460 proved to Lave been spoken, are, “there goes the grocery keeper that stole my money.” In uttering these words, the defendant mentioned no name, nor did he in terms refer to any particular person. Circumstances detailed in the evidence are relied upon, however, to show that the plaintiff was the person meant. A witness present at the time the words were spoken states that immediately afterwards he looked around and saw the plaintiff crossing the public square, about twenty or thirty feet from where defendant and witness- were standing, and that he did not see any one else about or passing. It was also proved that about a year before the speaking of the words, the plaintiff was employed in keeping the defendant’s grocery; that they had had some difference, and defendant had charged that the plaintiff had used his money while keeping the grocery, and had not accounted for it. The plaintiff’s counsel in the examination of one of plaintiff’s witnesses, en-quired of him “ who he understood him (the defendant,) to mean,” as the person charged with stealing the money. This question was objected to, but the objection being overruled, the witness in substance stated, that at the time the words were first spoken, “he had no opinion” on the subject, but after some reflection, and calling up the circumstances before referred to, he “ thought it was plaintiff defendant meant.” This question and answer constitute the ground of error relied upon in the argument here.
It is certainly true that the slanderous words spoken must be shown to have an individual application to the plaintiff, and that he was the person intended to' bo designated. It is not absolutely essential, however, that *461 in order to ground an action for slander, the defamatory words should carry on their face an open and direct imputation of crime, or that 'they should designate by name the person at whom they are pointed; for as has been justly remarked, calumny may be as effectually conveyed in artful allusions to collateral matter and oblique insinuations, as by • the most explicit assertions; and though a fictitious name be used, or the name be altogether omitted, the application of the words, both as respects the nature of the imputation and the person intended, may from extrinsic matter, be perfectly well understood by the hearers acquainted with the persons and circumstances. Starkie on Slander, (ed. of 1852,) vol. 1, 44; vol. 2, 320, marg. “In. such case, the plaintiff, by proper averments in the declaration, as has been done in the present case, must state the existence of such extrinsic matter as will explain the meaning of the words, show • their defamatory character, and their application to the plaintiff.” “It is competent to aver that the words were uttered with intent to convey a particular meaning, that they were intended to apply to the plaintiff, and that they were so understood by the persons in whose presence they were spoken.” “And these averments being substantial allegations of facts, must be proved., 5 East, 463-470. 5 Barn. & Adol., 27, and are questions to be decided by the jury. Starkie on Slander, vol. 2, 51.”
Having stated these general principles, we come to the question whether, if the defendant does not at the time of speaking the words, directly apply them to the plaintiff by name, it is competent to admit as evidence to the jury the understanding of witnesses in whose *462 presence they were uttered, as to their application?
Upon this question the authorities appear to differ. According to some of the cases, both English and American, it would seem that in support of the averments of the declaration in respect to the meaning of the words, or of their application to the plaintiff, the opinion or belief of a witness cannot he admitted; that the witness can only be allowed to state facts, from which the jury, under the direction of the court, will deduce the proper conclusions for themselves.
But it is laid down on the other hand (Starkie on Slander, vol. 2, 51,) that the libel or words spoken, being proved, their application to the plaintiff and the extrinsic matters alleged in the declaration may be shown “ by the testimony of witnesses who know the parties, and circumstances, and who can state their judgment and opinion on the application and meaning of the terms used by the defendant as alleged in -the declaration.” Again at page 321, marg., it is said that where the intention as to the application of a libel, is “ doubtful and ambiguous, from the defendant having left blanks for the name, or from his having given merely the initials, or having introduced fictitious names, it is a question for the opinion and judgment of the jury, whether the prosecutor was the party really aimed at. For this purpose the judgment and opinion of witnesses who from their knowledge of the parties and circumstances, are able to form a conclusion as to the defendant’s intention and application of the libel, is evidence for the information of the jury.”
There is certainly much force in the objection, that the mere general opinion or understanding of a witness *463 derived from simply reading a libel, or hearing the words uttered, unaided by any circumstances within his knowledge, or accompanying the act, ought not to be received as evidence to the jury; for this might be in effect to make the result depend, not upon the proper inferences to be drawn in view of all the circumstances, but possibly upon the mistaken deductions of the witness. But the understanding of a witness as to the meaning of words, or of their application to the plaintiff, derived from accompanying circumstances, or facts previously known to him, and detailed by him as to the ground of such understanding, we think, is subject to no just exception. Of course, the correctness of his conclusions is a matter for the consideration of the jury,' and they will adopt or reject them, as in their own judgment they may be well or ill-founded. From the very nature of the case, witnesses must be permitted, under proper qualifications, to state their understanding and conclusion, as well in regard to the sense in which the words were used as to their- application ; for it is the sense and application of the words, as understood lyy the hearers, which caused the damage, and constituted the very gist of the action.
From this view it results, that there is no error in the record, and the judgment is affirmed.