## ROGERS *v.* HOLLINGSWORTH.

*(Knoxville.* September 28, 1895.)

1. JUDGMENT. *Revivor by scire facias barred, when.*

   Revivor of a judgment by *scire facias* is barred by the lapse of ten years after the date of its rendition. (*Post, p. 358.*)

2. PRACTICE. *Trial term of appeal cases.*

   Under the general rules of practice, cases appealed from Justices of the Peace stand for trial at the term of the Circuit Court to which the appeal is taken, although the papers may not have been filed until the second day of the term. (*Post, p. 358.*)

3. EVIDENCE. *General exceptions insufficient, when.*

   General objection to the introduction of a transcript of the record of another Court, in evidence, will not avail to exclude it for defective certificate or incompleteness. (*Post, p. 359.*)

   Case cited and approved: Garner *v.* State, 5 Lea, 213.

4. JUDGMENT. *Upon revivor of judgment by scire facias.*

   A new judgment should not be awarded upon *scire facias* to revive a judgment, but the old judgment should be revived, with a direction that the plaintiff have execution thereon with interest and costs of the action, and costs of the *scire facias,* subject to the proper credits for payments made. (*Post, pp. 359, 360.*)

   Cases cited: Lain *v.* Lain, 3 Bax., 32; Fogg *v.* Gibbs, 8 Bax., 464.

5. SUPREME COURT. *Awards execution, when.*

   Upon revivor of a judgment of a lower Court by *scire facias,* this Court awards execution without remanding the cause. (*Post, pp. 359, 360.*)

   Case cited and approved: Whitworth *v.* Thompson, 8 Lea, 487.

---

FROM CAMPBELL.

---

Appeal in error from Circuit Court of Campbell County. W. R. HICKS, Judge.

S. I. ROGERS for Rogers.

REID & POWERS for Hollingsworth.

WILKES, J.   On January 25, 1895, a Justice of
the Peace issued a *scire facias* to revive a judgment
in favor of plaintiff against defendant rendered Feb-
ruary 2, 1885, for $20.23, on which there was a
credit of $9.55.   The Justice of the Peace did not
revive the judgment, but rendered a new judgment
for $17.05, the amount of the former judgment and
interest less the credit.   Defendant appealed, and in
the Circuit Court an entry was made reviving the
original judgment, subject to the credit, and it there-
upon further proceeds to affirm the judgment of the
Justice of the Peace and give a new judgment for
$17.08, and defendant appealed to this Court.

It is assigned as error that *scire facias* will not
lie to revive a judgment until after ten years from
its date.   This is error.   On the contrary, after the
lapse of ten years the judgment cannot be revived
by *scire facias* over the plea of the statute of limi-
tations, there being nothing else in the case.

It it said defendant was forced to trial at the
first term after appeal taken, contrary to the rule
and practice of the Court.   We have no means of
knowing what the rules and practice of that particular
Court may be, but, under the general rule of practice,
it was not error to require a trial at the term of
the Court to which the appeal was taken, though the
papers were not filed till the second day of the term.

It is said the trial Judge erroneously allowed a transcript of the original judgment to be introduced, the objection in this Court being that the Clerk should have certified to the official character of the Justice of the Peace, and that the record, as submitted, was not complete.    If these specific objections had been taken on the trial in the Court below, they would have been fatal, but only a general objection was made, without specifying the grounds. This is not sufficient.    The grounds of objection must be special or they will be of no avail.    *Garner* v. *State*, 5 Lea, 213.

It is next insisted the Court erred in giving a new judgment instead of simply reviving the old one subject to the credit, and awarding execution thereon. This assignment is well taken.    The proper practice in cases of *scire facias* to revive former judgments is to order their revivor and award execution, to bear interest from the date when originally rendered, and not to give a new judgment for the amount of the original one and interest.    It is not the case of a suit upon the original judgment, which might have been brought.    *Lain* v. *Lain*, 3 Bax., 32; *Fogg* v. *Gibbs*, 8 Bax., 464.    The judgment of the Circuit Judge should have been such as the Justice ought to have rendered, namely, that the original judgment stand revived and plaintiff have execution with interest and costs of the *scire facias* subject to the proper credit, and execution should have issued

without *procedendo*. *Whitworth* v. *Thompson*, 8 Lea, 487–8.

The appellee is entitled to such judgment here against appellant, but must pay the costs of this Court, because of the erroneous entry of the judgments below, and the judgment will be so modified.