# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 24, 2013 Session

## STEPHEN H. COOK, ET AL. v. DAVID L. ALLEY, SR., ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 8042      Frank V. Williams, III, Chancellor**

---

**No. E2012-01220-COA-R3-CV-FILED-APRIL 4, 2013**

---

This appeal concerns the statute of limitation for the extension of a judgment. J. Waymon Ellison ("Plaintiff") obtained a judgment in the Chancery Court for Loudon County ("the Trial Court") against David L. Alley, Sr. and David L. Alley, Jr. ("the Defendants") in an action related to a real estate transaction. Years later, Plaintiff's successors-in-interest[1] ("the Successors") sought to extend the judgment a second time for another ten years. The Trial Court extended the judgment, holding that the first ten year extension of the judgment began to run upon the expiration of ten years from the date the judgment was entered, and, that the initial ten year period in this case began to run from the date the judgment actually was entered rather than the *nunc pro tunc* date indicated in the judgment. We affirm the judgment of the Trial Court as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

D. Scott Hurley and Ryan N. Shamblin, Knoxville, Tennessee, for the appellants, David L. Alley, Sr. and David L. Alley, Jr.

---

[1] Prior to 2000, Plaintiff assigned a one-half interest in the final judgment to his attorneys John W. Cleveland, Arlene Cleveland, and William E. Howe, Jr. When Plaintiff died in 2002, his one-half interest in the final judgment passed to daughter, Audrey Miller, and grandson, Stephen H. Cook. In 2005, William E. Howe, Jr. died, leaving his one-sixth interest to his widow, Elizabeth E. Howe, his son, William E. Howe, III, and his daughter, Beth Christianson. Only Stephen H. Cook and John W. Cleveland, Sr. are appellees in this appeal. For ease of reference on appeal, we will refer collectively to those parties pursuing the final judgment in this case as the Successors.

John W. Cleveland, Sr., Sweetwater, Tennessee, pro se, and for the appellees, Stephen H. Cook and John W. Cleveland, Sr.

**OPINION**

**Background**

The origin of this case dates back to a real estate transaction over two decades ago, the particulars of which are not relevant in this appeal. On June 11, 1990 a judgment was entered in the Trial Court in favor of Plaintiff against the Defendants for nominal damages of $250. On appeal, the Tennessee Court of Appeals apparently modified the award to $180,000, to be credited against the Defendants' reasonable commission. On December 10, 1992, the Tennessee Supreme Court affirmed the Tennessee Court of Appeals in its award of $180,000 in damages, but reversed the credit for reasonable commission. The Tennessee Supreme Court concluded by stating "[t]his cause is remanded for further proceedings consistent with this holding." *Ellison v. Alley*, 842 S.W.2d 605, 608 (Tenn. 1992). On March 7, 1996, the Trial Court entered, *nunc pro tunc* to December 10, 1992, a judgment consistent with the Tennessee Supreme Court's opinion and mandate awarding the Plaintiff post-judgment interest in addition to $180,000 in damages.

On May 30, 2000, Plaintiff and his successors and assigns filed their Motion to Revive Judgment, pursuant to Tenn. Code Ann. § 25-4-101. On June 14, 2000, the Trial Court entered its Order Reviving Judgment. Plaintiff died in 2002, and his successors later filed a motion to order sale of property pursuant to Tenn. R. Civ. P. 69.07, wherein they stated "the lien of the judgment entered in this cause is effective until June 14, 2010."

In November 2010, the Successors filed a motion for show cause order pursuant to Tenn. R. Civ. P. 69.04, seeking to extend the judgment from December 10, 2012, through December 10, 2022. The motion was heard in April 2012. The Defendants took the position that the ten year period for which the judgment was extended began as of the date of the entry of the order extending the judgment, June 14, 2000, and not December 10, 2002. Therefore, according to the Defendants, the Successors had exceeded their ten year window to renew the judgment with their November 2010 motion for show cause order.

The Trial Court found for the Successors and held, in an order entered on May 16, 2012, in relevant part:

**(a)** [T]he Defendants/Judgment Debtors waive issuance of a show cause order, service and the thirty days to show cause provided by *Tenn.R.Civ.P.* Rule 69.04, and all parties agree to proceed with the hearing on the merits of extension of the Final Judgment in this cause; **(b)** the Final Judgment in this cause was entered on March 7, 1996, **(c)** said judgment was effective for a term of ten years until March 7, 2006, **(d)** said judgment was extended by order of this Court entered June 14, 2000; **(e)** as a matter of law, said revived judgment was effective for ten (10) years beginning on the tenth (10th) anniversary of the original final judgment until March 7, 2016; **(f)** because the term of a renewed judgment under Rule 69.04 Motion begins on the tenth (10th) anniversary of the original final judgment – and not on the date of entry of the order extending the judgment – the motion to extend the final judgment in this cause is timely filed; **(g)** giving credit for all sums paid toward satisfaction of said judgment, said judgment remains unsatisfied and due in the sum of $715,561.28, including post-judgment interest at the rate of 10% as provided by law (*Tenn. Code Ann.* §47-14-121), and **(h)** sufficient cause not having been shown why the judgment should not be extended for an additional ten years, Plaintiffs/Judgment Creditors are entitled to entry of an order extending said Final Judgment for an additional ten years.

*IT IS THEREFORE ORDERED, ADJUDGED AND DECREED* that the Final Judgment heretofore entered in this cause with a balance in the sum of $715,561.28, as of April 2, 2012, together with post-judgment interest at the statutory rate of ten percent (10%), is hereby extended for an additional ten years through March 7, 2026, and the costs of this cause are taxed to the Defendants, for which execution may issue, if necessary.

Thus, the Trial Court not only extended the judgment ten additional years in keeping with the Successors' request, it found that the effective date of the original judgment was March 7, 1996, rather than the *nunc pro tunc* date of December 10, 1992, thereby resulting in the judgment being extended until March 7, 2026. The Defendants filed a timely appeal to this Court.

## Discussion

Though not stated exactly as such, the Defendants raise two issues on appeal: 1) whether the Trial Court erred by holding that the first ten years extension began to run ten years from the date of the original judgment instead of ten years from the date of the order granting that extension; and, 2) whether the Trial Court erred in determining that the original

final judgment in this case was effective from March 7, 1996 through March 7, 2006, rather than ten years from the *nunc pro tunc* date of December 10, 1992.

The issues on appeal being questions of law and as the relevant facts are not in dispute, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether the Trial Court erred by holding that the first ten years extension began to run ten years from the date of the original judgment instead of ten years from the date of the order granting that extension. Tenn. Code Ann. § 28–3–110(2) (2000) provides a ten year statute of limitations for "[a]ctions on judgments and decrees of courts of record of this or any other state or government." Tennessee Rule of Civil Procedure 69.04 provides:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

Neither party on appeal produced a case directly on point with respect to this issue. However, there is law, some quite old, regarding whether an extension of a judgment constitutes a new judgment. In 1881, our Supreme Court stated:

> The court below had some difficulty as to the proper judgment to be rendered, both as to the amount, and as to the execution. A new judgment, including the interest to the date of rendition, has not been usual in such cases, nor was a *procedendo* necessary. The court should have ordered that the original judgment, as found, stand revived, and that the plaintiff have his execution against the defendants therefor, with interest and costs, and the costs of the *scire facias*, subject to the credit found as of the proper date.

*Whitworth v. Thompson*, 76 Tenn. 480, 1881 WL 4448, at *4 (Tenn. 1881).

Nearly a century later, this Court stated:

Under the authority of *Rogers v. Hollingsworth*, 95 Tenn. 357, 32 S.W. 197 (1895), and *Whitworth v. Thompson*, 76 Tenn. 480 (1881), where there is scire facias to revive a judgment, the original judgment must be revived as it was rendered, bearing interest from the date of entry. The plaintiff-appellant shall have execution, with interest and costs of the scire facias, subject to credit for amounts already paid on the judgment.

*Kruetzmann v. Bauman*, 609 S.W.2d 736, 739 (Tenn. Ct. App. 1980).

It appears from a review of the relevant law that extensions of judgments are not new judgments in themselves. This conclusion also comports with reason and the language of Rule 69.04 of the Tennessee Rules of Civil Procedure. When a judgment creditor extends a judgment, she merely is prolonging the judgment's existence an additional ten years. Since an extended judgment is not a new judgment, the lifespan of that extended judgment begins to run at the expiration of the first ten years from the effective date of the judgment. This result is consistent with the language of Rule 69.04 which talks in terms of "an additional ten years." Thus, the new ten year period is 'tacked on' to the previous ten years, and does not begin to run from the date of the entry of the order granting the extension.

The Defendants argue that this interpretation could open the door to abuse of the process of extending judgments. That is, according to the Defendants, a person could seek to extend their judgment soon after its entry and right away have a judgment good for 20 years. We, however, do not believe our holding will lead to such scenarios. A judgment debtor would have little difficulty showing cause that such an early Rule 69.04 motion was unnecessary at that time as the judgment would not be expiring soon and so there would be no need under Rule 69.04 to extend the judgment at that time. Rule 69.04 provides a barrier to outlandishly early or otherwise unjustified extensions of the life of a judgment. We affirm the Trial Court as to this issue.

We next address whether the Trial Court erred in determining that the original final judgment in this case was effective from March 7, 1996 through March 7, 2006, rather than ten years from the *nunc pro tunc* date of December 10, 1992. The Defendants argue that the Trial Court erred in selecting the date of March 7, 1996 as the effective date of the judgment when the Trial Court entered its judgment *nunc pro tunc* to the date of the Tennessee Supreme Court's mandate in this case.

As this Court has explained:

A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake.

*Cantrell v. Humana of Tennessee, Inc.*, 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting Black's Law Dictionary 1267 (3rd Ed. 1933)). "The purpose of rendering an order "nunc pro tunc" is to make the record speak the truth by giving the order retroactive effect to compensate for the fact that an order previously granted was not entered of record at the earlier time." *Dewees v. Sweeney*, 947 S.W.2d 861, 863-64 (Tenn. Ct. App. 1996). We review a Trial Court's decision regarding the entry of an order *nunc pro tunc* for abuse of discretion. *Jackson v. Jarratt*, 52 S.W.2d 137, 139 (Tenn. 1932).

With regard to the subject of *nunc pro tunc*, our Supreme Court has instructed:

The error justifying a *nunc pro tunc* entry must have been due to the inadvertence or mistake of the court and not counsel. *Cantrell v. Humana of Tenn., Inc.* 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting *Black's Law Dictionary* 1267 (3d ed. 1933)). Moreover, an entry of a judgment *nunc pro tunc* should only be granted when it can be shown by clear and convincing evidence that the judgment sought is the one previously announced. *Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13, 14 (Tenn. 1896). It is not enough that the parties believe that a judgment has been filed, there must be clear and convincing evidence that the court announced its judgment, and, but for clerical error or mistake, the judgment was not filed for entry. *See Zeitlin v. Zeitlin*, 544 S.W.2d 103, 106 (Tenn. Ct. App. 1976).

*Blackburn v. Blackburn*, 270 S.W.3d 42, 50-51 (Tenn. 2008). Before a party may obtain entry of an order *nunc pro tunc*, "there generally must exist some written notation or memorandum indicating the intent of the trial court to enter the judgment on the earlier date." *Id*. at 54 (footnote omitted).

The Trial Court entered its May 7, 1996 final judgment *nunc pro tunc* to December 10, 1992, the date our Supreme Court entered its mandate. In so doing, the Trial Court acted within its inherent power to align the effective date of its final judgment with the Tennessee Supreme Court opinion and mandate defining the parameters of the judgment. The Trial Court in its final judgment entered on March 7, 1996 specifically provided for the award of "statutory post-judgment interest of $104,921.70 as of March 1, 1996. . . ." In other words, the Trial Court awarded post-judgment interest starting as of December 10, 1992, the *nunc pro tunc* date for this final judgment.

The Trial Court erred in its May 16, 2012 order extending the judgment in not giving the proper retroactive effect to the *nunc pro tunc* provision of its final judgment. Given the *nunc pro tunc* effect, the original final judgment in this case was effective from December 10, 1992 and so the original ten years ran from that date. That the ten year period for the life of the original final judgment began on December 10, 1992 and not March 7, 1996 is evident from the fact that the Trial Court's March 7, 1996 order awarded "statutory post-judgment interest of $104,921.70 as of March 1, 1996. . . ." The original final judgment successfully was renewed by the June 14, 2000 order for an additional ten years from December 10, 2002 until December 10, 2012. Therefore, the Successors' November 10, 2010 Rule 69.04 motion was filed timely. As a result of the May 16, 2012 order, the final judgment of December 10, 1992 now has been renewed a second time for another ten years, until December 10, 2022.

We affirm the Trial Court's holding that an extension of a judgment takes effect from the expiration of ten years from the effective date of the judgment rather than from the date of the order granting the extension. We, however, modify the Trial Court's judgment to reflect that the effective date of the original judgment in this case was December 10, 1992 rather than March 7, 1996, so that the original judgment now has been extended until December 10, 2022. The judgment of the Trial Court is affirmed as so modified.

## Conclusion

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, David L. Alley, Sr. and David L. Alley, Jr., and their surety, if any.

_____
D. MICHAEL SWINEY, JUDGE