IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 27, 2017 Session

## TOWN & COUNTRY JEWELERS, INC., ET AL. v. JESSICA LYNN TROTTER AKA JESSICA LYNN TROTTER-LAWSON

**Appeal from the Chancery Court for Shelby County**
**No. CH-03-0204-2  Jim Kyle, Chancellor**

_____

### No. W2016-02055-COA-R3-CV

_____

Judgment creditors appeal the denial of their motion to extend a judgment pursuant to Rule 69.04 of the Tennessee Rules of Civil Procedure. Although we reverse the trial court's ruling that it lacked jurisdiction over judgment creditors' motion, we affirm the trial court's decision to deny the motion where it was not filed "[w]ithin ten years from the entry of [the underlying] judgment[,]" as required by Rule 69.04.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part; Affirmed in Part; and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Geoffrey G, Gaia, Memphis, Tennessee, for the appellants, Town & Country Jewelers, Inc., Linda L. Rozen, and Doron Rozen.

Thomas L. Parker, and Mitchell S. Ashkenaz, Memphis, Tennessee, for the appellee, Jessica Lynn Trotter-Lawson.

## OPINION

### Background

On January 31, 2003, Town & Country Jewelers, Inc. ("Town & Country"), Linda L. Rozen, and Doron Rozen (collectively, "Appellants") filed suit against Jessica Lynn Trotter-Lawson ("Appellee") and Andrew Timothy Sheriff (together with Appellee, "Defendants"). The complaint alleged that the Defendants had misappropriated over $100,000.00 from Appellants while Appellee was employed by Town & Country. On

April 9, 2003, the trial court granted Appellants a default judgment against Appellee. Thereafter on April 23, 2003, Appellants and Appellee entered into a consent judgment whereby Appellants were awarded a judgment of $493,685.81 against Appellee. Eventually a default judgment was also entered against Mr. Sherriff in the amount of $519,357.47. On this day, August 11, 2003, the underlying action was fully adjudicated.

Nearly thirteen years later, on June 20, 2016, Appellants filed separate motions requesting scire facias to revive the judgments against Defendants. Only the motion to renew filed against Appellee is at issue in this case. On August 5, 2016, Appellee filed a response to Appellants' motion raising the affirmative defense of the expiration of the statute of limitations.

After a hearing, the trial court entered an order on August 24, 2016, denying Appellants' request to revive the judgment against Appellee. Therein, the trial court rejected Appellants' argument that Appellee's failure to respond to their motion within thirty days required the trial court to grant their motion. The trial court further concluded that it lacked jurisdiction over the matter because Appellants failed to act within the statutory ten-year period pursuant to Tennessee Code Annotated section 28-3-110(a)(2). The trial court designated its order as final and appealable. Appellants thereafter appealed.

## Issues Presented

Appellants raise three issues concerning the trial court's denial of their motion to extend the judgment against Appellee. In our view, however, Appellants' issues may be summarized as a single issue: Whether the trial court correctly denied Appellants' motion to extend the judgment against Appellee. Appellee also requests damages for a frivolous appeal.

## Discussion

### I.

In this case, Appellants appeal the trial court's denial of their motion to extend the 2003 judgment. The trial court's decision to deny Appellants' motion to extend the judgment was based on an interpretation of the Tennessee Rules of Civil Procedure. As such, this case presents a question of law, which we review de novo, with no presumption of correctness. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

Rule 69.04 of the Tennessee Rules of Civil Procedure governs the procedure for obtaining extension of a previously awarded judgment. Rule 69.04 currently provides:

Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another

ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court. If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years. The same procedure can be repeated within any additional ten-year period.

The above language reflects recent changes to the Rule providing that, where the party defending against the motion files no response within thirty days, "the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court." Previously, the trial court was required to conduct a show cause hearing regardless of whether a timely response to the motion was filed. As the Advisory Commission Comments note:

> The revision replaces past practice of a show cause hearing. The revised procedure, subsequent to the filing of a motion by the judgment creditor, is the alternative of: (1) no hearing if the judgment debtor files no response to the motion in 30 days and the extension shall be automatically granted; or (2) if the judgment debtor files a response to the motion in 30 days, the extension is not automatically granted which provides each party an opportunity to set a hearing. If a hearing is convened, it is at that point that the revision maintains prior practice of placing the burden on the judgment debtor to show why the judgment should not be extended for an additional ten years.

Tenn. R. Civ. P. 69.04, 2016 Adv. Comm. cmts. The comments further elucidate the purpose of Rule 69.04: "The extension procedure set out in Rule 69.04 allows the judgment creditor to avoid having the judgment become unenforceable by operation of [Tennessee Code Annotated] Section 28-3-110(a)(2)[.]" Tenn. R. Civ. P. 69.04, 2016 Adv. Comm. cmts. Section 28-3-110(a)(2), in turn, provides a ten-year statute of limitations on "[a]ctions on judgments and decrees of courts of record of this or any other state or government[.]" Tenn. Code Ann. 28-3-110 (noting some exceptions not applicable in this case). With regard to the ten-year limitations period under section 28-3-110(a)(2), the Tennessee Supreme Court has explained:

> The statute of limitations involved in the present case allows ten years from the time the cause of action accrues. Apparently the legislature considered this a sufficient length of time for an action to be brought on the judgment as originally rendered. Under our practice and under other provisions of the Code it is a very simple matter to renew this judgment before the ten years expires by either the suit on the judgment or by scire facias.

***Shepard v. Lanier***, 192 Tenn. 608, 241 S.W.2d 587, 591–92 (Tenn. 1951).

Appellants argue that the new language of Rule 69.04 mandates that, where a motion is filed under Rule 69.04 and no timely response in opposition is filed, the trial court is required to grant the motion to extend. Because Appellee failed to respond to Appellants' motion to extend within the required time period, Appellants contend that the trial court erred in denying their motion to extend. In response, Appellee argues that the plain language of Rule 69.04 requires that the motion to extend be filed "[w]ithin ten years from the entry of a judgment," after which time, the trial court is deprived of jurisdiction to entertain a motion to extend by the expiration of the ten-year statute of limitations. Because Appellants' motion was filed over twelve years after the judgment against Appellee was finalized, Appellee asserts that Appellants' motion was properly denied as untimely.

To resolve this dispute over the proper interpretation of Rule 69.04, we apply the familiar rules of statutory construction. *See* ***Thomas***, 279 S.W.3d at 261 ("Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules.") (citing ***Crosslin v. Alsup***, 594 S.W.2d 379, 380 (Tenn. 1980)). As recently explained by our supreme court:

> When determining the meaning of statutes [or rules], our primary goal "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." ***Johnson v. Hopkins***, 432 S.W.3d 840, 848 (Tenn. 2013) (quoting ***Lind v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011)). We presume that every word in a statute [or rule] has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the [drafter's] obvious intention. ***Id.*** Words "'must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's [or rule's] general purpose.'" ***Id.*** (quoting ***Mills v. Fulmarque, Inc.***, 360 S.W.3d 362, 368 (Tenn. 2012)). When a statute's [or rule's] meaning is clear, we "'apply the plain meaning without complicating the task' and enforce the statute as written." ***Id.*** (quoting ***Lind***, 356 S.W.3d at 895).

***Ellithorpe v. Weismark***, 479 S.W.3d 818, 827 (Tenn. 2015).

We begin with the trial court's ruling that it lacked jurisdiction under Rule 69.04 and Tennessee Code Annotated section 28-3-110(a)(2) to extend the judgment in this case. *See* Tenn. R. App. P. 13(b) (requiring this Court to consider whether the trial court had subject matter jurisdiction over the action). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). "Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal."

***First American Trust Co. v. Franklin-Murray Dev. Co.***, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).

Here, the advisory committee comments to Rule 69.04 indicate that the purpose of Rule 69.04 is to allow a judgment creditor to avoid the statute of limitations under section 28-3-110(a)(2). This Court has previously held that the section 28-3-110(a)(2) limitation period constitutes a statute of limitations, rather than a statute of repose. *See, e.g.*, ***Scott v. White***, No. M2015-02488-COA-R3-CV, 2017 WL 2998869, at \*1 (Tenn. Ct. App. July 14, 2017) (describing the section 28-3-110(a)(2) limitation period as a "statute of limitations"); ***Cook v. Alley***, 419 S.W.3d 256, 260 (Tenn. Ct. App. 2013) (same). According to the Tennessee Supreme Court, however, the expiration of a statute of limitations is not jurisdictional, but may be waived by a party's failure to timely raise the affirmative defense. As our supreme court has explained:

> True statutes of limitations do not constitute grants of subject matter jurisdiction but rather restrict the powers of a court to act on a claim over which it has subject matter jurisdiction. *See* ***Pugh v. Brook (In re Pugh)***, 158 F.3d 530, 533–34 (11th Cir. 1998). A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed. *See* ***Grass Valley Terrace v. United States***, 69 Fed. Cl. at 347. Thus, unlike challenges to subject matter jurisdiction which cannot be waived, defenses based on the statute of limitations are affirmative defenses that can be waived unless they are specifically pleaded.

***Estate of Brown***, 402 S.W.3d 193, 198–99 (Tenn. 2013) (citing ***State v. Pearson***, 858 S.W.2d 879, 887 (Tenn. 1993) ("[W]e conclude that the better reasoned rule is to treat the statute of limitations as waivable, rather than jurisdictional, but to require that the waiver be knowingly and voluntarily entered.")).

The underlying action upon which this judgment was awarded involved claims for conversion and misappropriation. The complaint alleged specific, liquidated damages for unauthorized charges to an American Express card, as well as forged checks. *See* Tenn. Code Ann. § 16-11-102 (providing the chancery court with subject matter jurisdiction over "all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character"); ***PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.***, 387 S.W.3d 525, 558 (Tenn. Ct. App. 2012) (quoting 22 Am. Jur. 2d *Damages* § 465 (2012) ("A liquidated claim exists if the plaintiff has made a demand for a specific sum that the defendant allegedly unlawfully retained, because such a claim is certain and known to the defendant before the suit is filed.")). "'[W]here the chancery court has obtained jurisdiction over some portion of or feature of a controversy it may grant full relief in the same manner as could a court of law.'" ***PNC Multifamily Capital***, 387 S.W.3d at 558 (quoting ***Pruitt v. Talentino***, 62 Tenn. App. 484, 464 S.W.2d 294, 296 (Tenn. Ct. App. 1970)).

Additionally, this Court has held that an action to extend a judgment is merely an effort by the judgment creditor to "prolong[] the judgment's existence an additional ten years[,]" rather than an initial action to obtain a new judgment. ***Cook***, 419 S.W.3d at 260. Because the trial court had subject matter jurisdiction over the initial action and the expiration of the statute of limitations does not deprive the trial court of jurisdiction, the trial court erred in holding that it was deprived of subject matter jurisdiction due to the expiration of the section 28-3-110(a)(2) statute of limitations.

We next address Appellants' argument that the untimeliness of their motion is not a bar to reviving the judgment where the Appellee failed to respond to the motion within the time prescribed by Rule 69.04. As previously discussed, the current version of Rule 69.04 provides that where a debtor does not respond to a motion to extend within thirty days, "the motion shall be granted without further notice or hearing." There appears to be no dispute that the plain language of Rule 69.04 would bar Appellants' action if Appellee had responded in opposition within thirty days of the filing of Appellants' motion. Indeed, this language, which was not altered by the 2016 amendment, has previously been held to require that the judgment creditor file its motion to revive the judgment within ten years of the entry of the judgment or else be "barred from enforcement[.]" ***Rabbitt v. Mills***, No. M2004-01103-COA-R3-CV, 2005 WL 2012774, at \*5 (Tenn. Ct. App. Aug. 22, 2005) ("Because the [creditors] failed to revive their judgment within the ten-year statute of limitations, they are barred from enforcement of their judgment against [the debtor]."). In ***Rabbitt***, however, there appeared to be no dispute that the debtor timely raised the statute of limitations as a defense to enforcement. Here, however, Appellee failed to respond to Appellants' motion within thirty days, as required by the current version of Rule 69.04. Appellants therefore contend that their failure to file their motion to revive for nearly three years after the time period allowed in Rule 69.04 is excused by Appellee's failure to respond to their motion for a period of approximately fifteen days. *See **Estate of Brown***, 402 S.W.3d at 199 (holding that the defense of the expiration of the statute of limitations may be waived); ***Steed Realty v. Oveisi***, 823 S.W.2d 195, 197 (Tenn. Ct. App. 1991) (citing ***Denny v. Webb***, 199 Tenn. 39, 281 S.W.2d 698 (1955)) ("The rule in Tennessee is that if the statute of limitations is not pleaded within the proper time and in the proper manner, it is deemed waived and cannot be relied upon as a defense.").

As an initial matter, we note that the above language relied upon by Appellants stems from a 2016 amendment to Rule 69.04. Although the amendment was adopted by the Tennessee Supreme Court on December 29, 2015, the amendment did not go into effect until July 1, 2016. Here, Appellants filed their motion to revive the judgment on June 20, 2016, and did not specifically reference either version of Rule 69.04. The applicability of amended Rule 69.04 was discussed during the August 15, 2016 hearing, however, and counsel for Appellee did not object to the application of amended Rule 69.04. Likewise, Appellee cites amended Rule 69.04 in its appellate brief. Generally, "rules considered remedial or procedural in nature apply retroactively, not only to causes

of action arising before such acts become law, but also t*o all actions pending when the law took effect*, unless a contrary intention is indicated or immediate application would produce an unjust result." **Bd. Of Prof'l Responsibility v. Love**, 256 S.W.3d 644, 652 (Tenn. 2008). Because Appellee has not objected to the application of amended Rule 69.04, we assume for purposes of this appeal that it is applicable. *But see **In re Braxton M.***, No. E2016-02172-COA-R3-PT, 2017 WL 2859806, at *13 (Tenn. Ct. App. July 5, 2017) (addressing the applicability of an amended statute notwithstanding both parties' failure to argue that issue on appeal because of "the fundamental constitutional interest involved"). As such, we proceed to consider this appeal utilizing the current language of Rule 69.04.

In support of their argument that the current language of Rule 69.04 mandates reversal of the trial court's decision, Appellants cite a case decided by the Tennessee Supreme Court more than a century ago—**Rogers v. Hollingsworth**, 95 Tenn. 357, 32 S.W. 197 (Tenn. 1895). In **Rogers**, the judgment creditor filed a motion on January 25, 1895, to revive a judgment rendered on February 2, 1885. **Id.** at 198. After the trial court rendered a new judgment to reflect a credit, the debtor appealed, arguing, inter alia, that "scire facias will not lie to revive a judgment until after 10 years from its date." **Id.** The Tennessee Supreme Court disagreed, holding instead that "after the lapse of 10 years the judgment cannot be revived by scire facias over the plea of the statute of limitations, there being nothing else in the case." **Id.** The supreme court therefore affirmed the trial court's finding that the motion to revive was timely but modified the judgment to reflect that it was merely a continuation of the original judgment, rather than a new judgment. **Id.** The **Rogers** decision, however, is not dispositive in this case. Importantly, **Rogers** was decided well before the adoption of the Tennessee Rules of Civil Procedure, much less the amended version of Rule 69.04 that Appellant seeks to rely on here. *See **Thomas v. Oldfield***, 279 S.W.3d 259, 262 (Tenn. 2009) ("The Tennessee Rules of Civil Procedure were adopted in 1970[.]"). As such, **Rogers** fails to illuminate whether a motion to revive under amended Rule 69.04 should be granted where a creditor files its motion to revive well outside the ten-year time period expressly included in the rule, but the debtor raises the defense of the expiration of the statute of limitations beyond the thirty day time period for filing a response.

Based on our review of the current version of Rule 69.04, however, we simply cannot agree that Appellants' motion to revive the judgment was timely even considering Appellee's delay in responding to the motion. Here, the first sentence of Rule 69.04 states that a creditor may seek to extend its judgment "[w]ithin ten years from the entry of a judgment[.]" While this language could suggest that the time limit applicable to motions under Rule 69.04 is directory, rather than mandatory, our examination of the statute as a whole belies this conclusion. *See generally **Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.***, 418 S.W.3d 547, 562 (Tenn. 2013) ("There is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions.") (citing 3 Norman J. Singer & J.D. Singer, *Statutes and Statutory*

*Construction* § 57:2 (7th ed. 2008)). A "statute [or rule] must be construed in its entirety, and it should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose." ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004) (citing ***Tennessee Growers, Inc. v. King***, 682 S.W.2d 203, 205 (Tenn. 1984)). "It is our duty to construe the statute [or rule] so that no part will be inoperative, superfluous, void or insignificant." ***State v. Northcutt***, 568 S.W.2d 636, 637–38 (Tenn. Crim. App. 1978).

Here, the judgment creditor's ability to utilize the procedure under Rule 69.04 is introduced with the caveat that the motion be filed "[w]ithin ten years from the entry of a judgment[.]" As such, it appears that the debtor's duty to respond within thirty days is conditioned upon the motion to renew being timely filed. To allow a judgment creditor to file its motion beyond this ten-year period would essentially render this time limitation meaningless. Indeed, under Appellants' interpretation of the rule, a judgment creditor's years-long delay in filing a motion to revive would be excused simply because the debtor filed its response one day outside the thirty-day response period. Such a result borders on the absurd. Our supreme court has directed Tennessee courts, however, "not [to] apply a particular interpretation to a statute [or rule] if that interpretation would yield an absurd result." ***State v. Flemming***, 19 S.W.3d 195, 197 (Tenn. 2000) (citing ***State v. Legg***, 9 S.W.3d 111, 116 (Tenn. 1999)).

Moreover, additional language in the statute supports our conclusion that the time limit contained in Rule 69.04 is mandatory. As previously discussed, amended Rule 69.04 states that "[t]he same procedure can be repeated **within** any additional ten-year period." Tenn. R. Civ. P. 69.04 (emphasis added). As such, Rule 69.04 contemplates that the procedure utilized both to initially extend a judgment and to do so thereafter be initiated within consecutive ten-year periods. *See **Cook v. Alley***, 419 S.W.3d 256, 260 (Tenn. Ct. App. 2013) (holding that an extension to a judgment under Rule 69.04 is "tacked on" to the previous ten years, rather than the date of entry of the order granting the extension). Indeed, the Tennessee Supreme Court has previously indicated that it is not burdensome to require a creditor to "renew [a] judgment **before the ten years expires**[.]" ***Shepard***, 241 S.W.2d at 591–92 (emphasis added) (decided prior to the adoption of the Tennessee Rules of Civil Procedure). By filing their motion well outside the ten-year period, Appellants have clearly failed to comply with both the letter and the spirit of Rule 69.04.

Although not directly dispositive of this issue, one recent case includes language to support our conclusion. In ***Scott v. White***, No. M2015-02488-COA-R3-CV, 2017 WL 2998869 (Tenn. Ct. App. July 14, 2017), the judgment creditor filed a motion on September 9, 2014, to extend a judgment rendered on April 8, 2005. *Id.* at \*1. Under the prior procedure required by Rule 69.04,[1] the trial court issued a show cause order

---

[1] The prior version of Rule 69.04 applicable in ***Scott*** provided:

requiring the debtor, within thirty days, to show cause why the judgment should not be extended. *Id.* Although there was an error with the original service of the show cause order, the debtor undisputedly received notice on December 19, 2014. *Id.* Eight months after receiving notice, the debtor filed a motion for relief from the order renewing the judgment. *Id.* In fact, however, the trial court had yet to enter an order renewing the judgment. *Id.* at \*2. Ultimately, the trial court entered an order renewing the judgment because the debtor had not timely responded to the show cause order, even after obtaining notice. *Id.*

On appeal, the debtor challenged the trial court's order on the basis that the order renewing the judgment was not entered within ten years of the entry of the underlying judgment. *Id.* at \*3. We rejected this argument, relying in part on the advisory committee comments to the current version of Rule 69.04:

> For purposes of Rule 69.04, the proper focus is on the timing of the motion to extend, not the court's order extending the judgment. As long as a motion to extend is filed "[w]ithin ten years from entry of a judgment," as is the case here, a judgment creditor may "avoid having the judgment become unenforceable by operation of [Tennessee Code Annotated § 28-3-110(a)(2)]." Tenn. R. Civ. P. 69.04 Advisory Comm. cmt. to 2016 revision; *see also* ***In re Hunt***, 323 B.R. 665, 669 (Bankr. W.D. Tenn. 2005) ("[I]t is not essential that the debtor receive these pleadings within the ten-year period, only that the renewal pleading be filed within that time."). The rule does not require the order extending the judgment for the additional ten-year period to be entered within ten years from the entry of the judgment.

***Scott***, 2017 WL 2998869, at \*3. As such, we suggested that the requirement to file a motion to revive within ten years was "essential" to benefit from the procedure outlined in Rule 69.04. In other words, because the judgment creditor's motion to revive was filed within ten years of the entry of the judgment, the debtor's corresponding duty to timely respond to the motion under Rule 69.04 was triggered. Without a timely filed motion to renew, it therefore does not appear that the judgment creditor can rely on the procedure outlined in Rule 69.04, including the requirement that the debtor timely respond lest the renewal be granted.

---

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated with any additional ten-year period.

***Scott***, 2017 WL 2998869, at \*2 (citing Tenn. R. Civ. P. 69.05, in effect prior to July 1, 2016).

Based upon the plain language of Rule 69.04, as well as the foregoing authorities, we hold that it is necessary for a judgment creditor to file its motion to renew a judgment under Rule 69.04 "[w]ithin ten years from the entry of a judgment." Once a timely motion has been filed, the debtor's duty to timely respond pursuant to Rule 69.04 is triggered. Here, Appellants filed their motion to revive the 2003 judgment in 2016, well beyond the ten-year time limit. As such, the trial court had no authority to renew the judgment under Rule 69.04, and Appellee's duty to respond was not triggered. The trial court's ruling denying the motion to renew is therefore affirmed.

**II.**

Appellee has requested an award of attorney's fees for defending what she deems a frivolous appeal. Under Tennessee Code Annotated section 27-1-122:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is devoid of merit or has no reasonable chance of success." *Selitsch v. Selitsch*, 492 S.W.3d 677, 690 (Tenn. Ct. App. 2015), *app. denied* (Tenn. Feb. 17, 2016) (citing *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)). 2. The statute, however, is to be "interpreted and applied strictly so as not to discourage legitimate appeals." *Wakefield*, 54 S.W.3d at 304. Although we have not resolved this appeal in Appellants' favor, we are unable to conclude that their appeal is devoid of merit. Accordingly, we decline to award attorney's fees pursuant to section 27-1-122.

**Conclusion**

The judgment of the Shelby County Chancery Court is reversed in part, affirmed in part, and remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellants, Town & Country Jewelers, Inc., Linda L. Rozen, and Doron Rozen, and their surety.

_____
J. STEVEN STAFFORD, JUDGE