IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2018 Session

## TOWN & COUNTRY JEWELERS INC. ET AL. v. ANDREW TIMOTHY SHERIFF ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-03-0204-02          Jim Kyle, Chancellor**

_____

**No. W2017-01375-COA-R3-CV**

_____

Over ten years after entry of a judgment, the judgment creditors filed a motion for scire facias to revive the judgment. The trial court denied the motion based on a determination that expiration of the statute of limitations deprived the court of subject matter jurisdiction. On appeal, the judgment creditors argue that their motion was timely because the debtor revived the debt by agreeing that the debt was nondischargeable in bankruptcy. We conclude that the trial court possessed subject matter jurisdiction but that revival does not apply. So we affirm as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Geoffrey G. Gaia and R.H. Chockley, Memphis, Tennessee, for the appellants, Town & Country Jewelers, Inc., Linda Rozen, and Doron Rozen.

G. Chadwick Reeves, Memphis, Tennessee, for the appellee, Andrew Sheriff.

## OPINION

### I.

On January 31, 2003, Town & Country Jewelers, Inc., Linda Rozen, and Doron

Rozen (collectively, "Plaintiffs") filed suit against Andrew Sheriff and Jessica Trotter[1] for conversion and fraud in the Chancery Court of Shelby County, Tennessee. On August 11, 2003, the court entered a default judgment against Mr. Sheriff for $519,357.47. Mr. Sheriff made no payments on the judgment.

Three years later, Mr. Sheriff filed a petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Tennessee. Mr. Sheriff included the 2003 state court judgment as a debt on his bankruptcy schedules.

After receiving notice of the bankruptcy filing, Plaintiffs filed an adversary proceeding seeking a determination that the 2003 judgment was a nondischargeable debt. *See* 11 U.S.C. § 523(a)(2), (a)(4), (c)(1) (Supp. 2016). On May 8, 2008, the bankruptcy court entered a consent order providing that the 2003 state court judgment was nondischargeable and that Mr. Sheriff remained obligated to pay the judgment. Shortly thereafter, the bankruptcy court granted Mr. Sheriff a discharge. *See* 11 U.S.C. § 727 (Supp. 2016).

On June 20, 2016, approximately twelve years and ten months after entry of the default judgment, Plaintiffs filed a motion for scire facias to revive the judgment. The chancery court denied Plaintiffs' motion after concluding that expiration of the statute of limitations deprived the court of subject matter jurisdiction. *See* Tenn. Code Ann. § 28-3-110(a)(2) (2017). This appeal followed.

## II.

### A.

Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

The existence of subject matter jurisdiction depends on "the nature of the cause of action and the relief sought." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994).

---

[1] The judgment obtained against co-defendant Jessica Trotter was the subject of a separate appeal. *See Town & Country Jewelers, Inc. v. Trotter*, 538 S.W.3d 508 (Tenn. Ct. App. 2017).

There is no question that the chancery court, by statute, had subject matter jurisdiction over Plaintiffs' original action for money damages and injunctive relief based on claims of fraud and conversion. *See* Tenn. Code Ann. § 16-11-102(a) (2009). Plaintiffs' motion to revive the judgment was an attempt to continue or extend the original action, not a new cause of action. *See Town & Country Jewelers, Inc. v. Trotter*, 538 S.W.3d 508, 513 (Tenn. Ct. App.), *perm. app. denied*, (Tenn. Nov. 21, 2017); *Cook v. Alley*, 419 S.W.3d 256, 260 (Tenn. Ct. App. 2013). Thus, the court retained subject matter jurisdiction to consider the motion.

And expiration of the statute of limitations for actions on judgments did not deprive the court of subject matter jurisdiction. *See Town & Country Jewelers, Inc.*, 538 S.W.3d at 512-13. "[S]tatutes of limitations do not constitute grants of subject matter jurisdiction but rather restrict the powers of a court to act on a claim over which it has subject matter jurisdiction." *Estate of Brown*, 402 S.W.3d 193, 198-99 (Tenn. 2013).

B.

The trial court found that Plaintiffs "failed to take action on their judgment within the statutory time period set forth in Tennessee Code Annotated § 28-3-110(a)(2)." Whether the statute of limitations applies is a question of law that we review de novo with no presumption of correctness. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996). Actions on judgments "shall be commenced within ten (10) years after the cause of action accrued." Tenn. Code Ann. § 28-3-110(a)(2). And the cause of action accrues upon entry of the judgment in the trial court. *Marcum-Bush v. Quinn*, No. M2017-01732-COA-R3-CV, 2018 WL 1559972, at *3 (Tenn. Ct. App. Mar. 29, 2018); *see also Shepard v. Lanier*, 241 S.W.2d 587, 590-91 (Tenn. 1951) (reaching same conclusion under predecessor statute).

But a judgment creditor may seek to extend the time for execution on an unsatisfied judgment by following the procedure set forth in Tennessee Rule of Civil Procedure 69.04. At the time Plaintiffs requested extension of the judgment, the rule provided as follows:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated with any additional ten-year period . . . .

Tenn. R. Civ. P. 69.04.

3

We conclude that denial of the motion for scire facias to revive the judgment was appropriate based on Plaintiffs' failure to comply with Rule 69.04. Our procedural rules have "the force and effect of law." *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002). And the plain language of Rule 69.04 required Plaintiffs to file their motion within ten years from entry of the judgment. Tenn. R. Civ. P. 69.04. Plaintiffs filed their motion more than two years too late.[2]

On appeal, Plaintiffs contend that the revival exception to the statute of limitations excused their tardiness. Revival is an appropriate response to a statute of limitations defense when a debtor has "revive[d] a plaintiff's remedy that had been barred by the running of a statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it." *Ingram v. Earthman*, 993 S.W.2d 611, 633-34 (Tenn. Ct. App. 1998) (footnote omitted). Once revival has been established, the statute of limitations period is measured "from when the conduct constituting the revival occurred." *Id.* at 634.

We find no case in which revival has been used to excuse failure to comply with Rule 69.04, and Plaintiffs have cited to none. But even assuming that revival is applicable, the proof here was insufficient. Revival requires either an "express, unconditional promise to pay" or "an acknowledgement of an existing debt" under circumstances that imply a willingness to pay. *Broddie v. Johnson*, 33 Tenn. (1 Sneed) 463, 467 (1853). In the absence of an express promise to pay, the proof must establish an "unqualified and direct" acknowledgment of the debt made "in such terms and under such circumstances as to authorize an inference that [the debtor] is willing to pay it." *Id.* at 468, 469-70 (quoting *Belote's Ex'rs v. Wynne*, 15 Tenn. (7 Yer.) 534, 542 (1835)).

Plaintiffs argue that, by agreeing to the entry of the consent order on May 8, 2008, Mr. Sheriff acknowledged his debt in such a manner that the law should imply a willingness to pay. We disagree. The language used in the consent order does not imply a willingness to pay the 2003 judgment. The consent order provided as follows:

> 1. [The 2003 judgment] arising from [Mr. Sheriff's] theft of property from Rozen shall be a nondischargeable debt for the purposes of this pending bankruptcy.
> 2. Andrew Timothy Sheriff shall remain obligated to pay the Judgment in accord with the orders of that Court.

---

[2] We find Plaintiffs' argument that their motion was timely because it was an action to extend the consent decree, not the 2003 judgment, unavailing. Their motion did not seek to enforce or extend the decree of the bankruptcy court. Rather, they specifically requested the trial court to issue a writ of scire facias to Mr. Sheriff "to appear and show cause, why the judgment rendered on August 11, 2003, should not be revived and extended."

4

We interpret court orders like any other written instrument using the familiar rules of contract construction. *State v. Phillips*, 138 S.W.3d 224, 229 (Tenn. Ct. App. 2003). The language here is unambiguous. Mr. Sheriff merely agreed that the 2003 judgment represented a debt that was nondischargeable in bankruptcy. *See Dick Broad. Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013) ("The literal meaning of the contract language controls if the language is clear and unambiguous.").

## C.

Finally, Mr. Sheriff seeks an award of attorney's fees as damages for a frivolous appeal. *See* Tenn. Code Ann. § 27-1-122 (2017). The statute authorizing an award of damages for a frivolous appeal "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122). A frivolous appeal is one "utterly devoid of merit." *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). We do not find this appeal devoid of merit or perceive that it was taken solely for delay. Thus, we decline to award Mr. Sheriff his attorney's fees on this basis.

## III.

Expiration of the statute of limitations did not deprive the trial court of subject matter jurisdiction over Plaintiffs' motion for scire facias to revive the 2003 judgment. But because Plaintiffs did not file their motion within ten years from entry of the judgment, the motion was untimely under Tennessee Rule of Civil Procedure 69.04. The consent order entered in the bankruptcy court declaring the 2003 judgment nondischargeable did not serve to extend the time for compliance. So we affirm the denial of Plaintiffs' motion on the ground of untimeliness. *See Shutt v. Blount*, 249 S.W.2d 904, 907 (Tenn. 1952) ("[I]f the Trial Judge reached the right result for the wrong reason, there is no reversible error.").

_____
W. NEAL MCBRAYER, JUDGE